**Gilbert PIMENTAL, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
**Defendant.**

**Civ. A. No. 68–163.**

United States District Court
D. Massachusetts.

Jan. 30, 1969.

Eli M. Nefussy, New Bedford, Mass., for plaintiff.

Paul F. Markham, U. S. Atty., Thomas P. O'Connor, Asst. U. S. Atty., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action in which plaintiff seeks an order of this court revising and setting aside a decision of the Secretary that plaintiff is not entitled to disability insurance benefits. The matter came before the court upon cross-motions for summary judgment. In such circumstances the scope of review of a decision by the Secretary is set out in 42 U.S.C.A. § 405(g), which provides:

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

A review of the administrative record indicates that the plaintiff, on May 17, 1966, filed an application for the establishment of a period of disability under 42 U.S.C.A. § 416(i) and for entitlement to disability insurance benefits under 42 U.S.C.A. § 423. In his application plaintiff alleged the onset of a disability on May 10, 1965 and continuously thereafter. On January 20, 1967, the agency determined that plaintiff was under a

disability from May 1965 to October 1966, and that he was entitled to receive disability benefits for the period May 1965 through December 1966.

Plaintiff's claim for disability is based on the fact that he became disabled on May 10, 1965 as a result of a coronary occlusion for which he was admitted to the Falmouth Hospital where he remained as an in-patient for twenty-three days. No useful purpose would be served by summarizing the evidence of the various doctors who testified at the administrative hearing. Suffice it to say that there is a conflict in testimony between that of Dr. Cantor, plaintiff's attending physician, and that of Drs. Weinshel and Howard, as to the extent of plaintiff's recovery and consequently as to the extent of his disability after December 1966. At the hearing a qualified vocational specialist testified as to the availability of light work which plaintiff would be able to perform if the agency adopted the report of Drs. Weinshel and Howard. The Secretary did adopt the findings of these doctors and rejected the testimony of Dr. Cantor, and it is well-settled that the resolution of conflicting testimony is a matter for the Secretary and not for the United States District Court. Rodriguez v. Celebrezze, 349 F.2d 494 (1st Cir.1965).

The record shows (pp. 138, 140) that both Dr. Weinshel and Dr. Howard have the qualifications and background to bring an adoption of their opinions by the Secretary well within the grounds of reason.

I further rule that there is no merit to plaintiff's contention (Complaint, par. 7) that he was prejudiced by inadmissible evidence introduced at the hearing because of his ignorance and the fact that he was not represented by counsel. The transcript indicates (p. 34) that the hearing examiner advised plaintiff at the beginning of the hearing that he was entitled to be represented either by an attorney or a qualified non-attorney, whereupon plaintiff responded "Yes" to the question "Is it fair for me to assume that you wish to proceed without being represented?" Cf. Meola v. Ribicoff, 207 F.Supp. 658, 665 (S.D.N.Y.1962).

It appearing that the finding of the Secretary is supported by substantial evidence upon the administrative record viewed as a whole, the plaintiff's motion for summary judgment is denied and the defendant's motion for summary judgment is allowed.

Judgment accordingly.