Harry L. RUSHING

v.

Robert H. FINCH, Secretary of Health, Education and Welfare of the United States.

Civ. A. No. 13952.

United States District Court, W. D. Louisiana, Shreveport Division.

March 5, 1970.

Joel M. Sermons, Shreveport, La., for plaintiff.

Donald E. Walter, U. S. Atty., and Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

## OPINION

BEN C. DAWKINS, Jr., Chief Judge.

This action was filed under authority of 42 U.S.C. § 405(g) to review an adverse decision of the Secretary of the Department of Health, Education and Welfare as to Rushing's administrative claim for disability social security benefits. The Secretary filed a motion to dismiss on the grounds that this Court lacks jurisdiction over the subject matter and that plaintiff failed to state a claim upon which relief can be granted. In response to that motion, plaintiff asked for remand of this case to the Secretary for the introduction of further evidence concerning his disability, including testimony at a hearing to be held by a Hearing Examiner.

This suit does not involve the typical Social Security situation in which our only duty is to determine if the findings of the Secretary are supported by "substantial" evidence. 42 U.S.C.A. § 405(g). Rather, we must decide solely an issue of law. To clearly present that issue, we must first narrate the factual situation out of which this case arose.

November 5, 1962, plaintiff first filed an application for disability benefits. The administrative process was followed through a hearing, which resulted in a denial of plaintiff's claim, and upon his request for review by the Appeals Council that body also denied his claim. Plaintiff was entitled to seek judicial review of the Hearing Examiner's decision, but did not commence a civil action for that purpose within the time allowed by law. Consequently, the decision of the Hearing Examiner became final. 42 U.S.C. § 405(g, h).

September 14, 1965, Rushing filed a subsequent application for benefits alleging the same onset date of disability as in his first application. Again the administrative process was followed and the Appeals Council, on May 16, 1967, denied his request for a review of the Hearing Examiner's adverse decision rendered December 30, 1966. At that second hearing, the Examiner considered the 1965 amendments to the Social Security law which were not in effect at the time of Rushing's first hearing. Again, plaintiff failed to seek judicial review of the administrative decision within the time allowed by law, thus making the Secretary's finding final.

December 5, 1967, plaintiff filed the current application for disability benefits, which was denied at the initial administrative level. According to the affidavit of James H. Nease, Chairman of the Appeals Council and Director of the Bureau of Hearings and Appeals, Social Security Administration, Department of Health, Education and Welfare, Washington, D. C., which is in the record, no additional evidence was submitted by plaintiff in connection with this third application. Plaintiff filed a request for

a hearing which was dismissed [1] in an order reading in part as follows:

" ' * * * Since the record clearly shows that claimant last enjoyed insured status March 31, 1964, and that the current application is founded upon impairment and alleged onset date which has previously been considered and definitely adjudicated through that date under the Social Security Act as amended prior to and by Public Law 89–97; and in view of the fact that the only medical report submitted in connection with his current application concerns a period several years subsequent to the date he last enjoyed insured status; it logically follows that the matter before the Hearing Examiner is res judicata and that he is without jurisdiction to reopen that which has been definitively adjudged.' "

The Appeals Council denied plaintiff's request for review of the Hearing Examiner's dismissal and notified him by certified mail that " '* * * The Hearing Examiner's decision dated December 30, 1966, stands as the final decision of this Department.' "

The present action was commenced within sixty days from the date that plaintiff was notified of the Appeals Council's decision denying benefits to him.

■ It is abundantly clear that this Court cannot order a transcript of the records made in either hearing held on plaintiff's claims. This is because we were not petitioned within the statutory period provided by law to review the findings of the Secretary.[2]

Congress has stated plainly the conditions upon which a person aggrieved may seek judicial review of an administrative hearing held pursuant to Title II of the Social Security Act. 42 U.S.C. § 405(g) reads in part as follows:

"Any individual, after any final decision of the Secretary made *after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days* after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * *" (Emphasis added.)

■ Congress need not grant judicial review of findings in administrative proceedings. Tutun v. United States, 270 U.S. 568, 46 S.Ct. 425, 70 L.Ed. 738 (1926). However, when it does grant such review, it may also define a Court's jurisdiction and the procedures by which judicial review may be had. Congress is under no obligation to provide a remedy through the Courts in such situations, and when it does create such a right and provide a special remedy, that remedy is exclusive. United States v. Babcock, 250 U.S. 328, 39 S.Ct. 464, 63 L.Ed. 1011 (1919); N.L.R.B. v. Cheney Cal. Lumber Co., 327 U.S. 385, 66 S.Ct. 553, 90 L.Ed. 739 (1946).[3]

---

1. 20 C.F.R. § 404.937 reads as follows:
    "The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:
    "(a) *Res judicata.* Where there has been a previous determination or decision by the Secretary *with respect to the rights of the same party on the same facts pertinent to the same issue or issues* which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing or review, or to commence a civil action with respect to such determination or decision * * *." (Emphasis added.)

2. 42 U.S.C. § 405(h): "The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No *findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* * * *" (Emphasis added.)

3. "When judicial review is available and under what circumstances, are questions (apart from whatever requirements the Constitution may make in certain situations) that depend on the particular Congressional enactment under which judicial review is authorized." At p. 388, 66 S.Ct. at p. 544.

Since we may not review the transcripts of the records made in either hearing regarding plaintiff's claim, the issue before us is whether we should grant the Secretary's motion to dismiss or remand the case for the taking of evidence.

■ Before a person may seek judicial relief from an adverse finding of the Secretary in a Social Security matter of this type, there must first have been a hearing held by the Secretary. The hearing referred to in 42 U.S.C. § 405(g) is a hearing before a Hearing Examiner. This is shown by the following excerpt from 20 C.F.R. § 404.917:

"An individual has a right to a hearing about any matter designated in § 404.905, if:

"(a) an initial determination and a reconsideration of the initial determination have been made by the Administration; and

"(b) the individual was the party referred to in § 404.919 or § 404.920; and

"(c) the individual has filed a written request for a hearing under the provisions described in § 404.918."

If such a hearing were not required, a claimant would be able to seek judicial review of the initial administrative denial, which practice is not authorized by law.

■■ There has been no hearing and consequently there is no "final decision," as required by 42 U.S.C. § 405(g), which this Court may review. To allow relitigation of plaintiff's claim after his failure to obtain court review under the procedures and within the time limits provided by law would run counter to the purposes and intent of the Social Security Act. Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954); Cf. S.E.C. v. Louisiana Pub. Serv. Comm'n, 353 U.S. 368, 77 S.Ct. 855, 1 L.Ed.2d 897 (1957).

We must next inquire whether the Hearing Examiner's dismissal of claimant's third application on the ground of *res judicata* was proper. As noted in footnote # 1, the Social Security Regulations provide that a Hearing Examiner may dismiss a request for a hearing where there has been a previous determination by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue.

■ In this case, Rushing had full opportunity to offer evidence concerning his disability and the determination was made by the Secretary after full hearings. Had Rushing been dissatisfied with either of the original decisions by the Hearing Examiners and the affirmations of those decisions by the Appeals Council, his remedy was to institute an action in the proper United States District Court. When he failed to avail himself of this right within the required time, the order became conclusive. Consequently, the Hearing Examiner was correct in dismissing Rushing's third request for a hearing.

■ We are deeply sympathetic with claimant's situation. Counsel for Rushing points out that his services were not obtained until after the Hearing Examiner dismissed his third application for benefits. Counsel further alleges that there may be evidence beneficial to plaintiff which was not considered in either of the two earlier hearings and that by proper presentation of this evidence, claimant's disability would be proven. Nevertheless, there is no right to counsel at a hearing of the type in question, and because Rushing did not have counsel at either of his earlier hearings is no reason to remand this case.[4] This is especially true since there is no allegation that plaintiff was deprived of a full and adequate hearing on his claims because he had no counsel.

Because this Court lacks jurisdiction over the subject matter and plaintiff

4. *Cf.* Steimer v. Gardner, 395 F.2d 197 (9 Cir. 1968); McGaughy v. Gardner, 264 F.Supp. 820 (E.D.La.1967); Pimental v. Secretary of Health, Education & Welfare, 297 F.Supp. 212 (D.Mass., 1969).

has failed to state a claim upon which relief can be granted, we must dismiss this suit. However, we call plaintiff's attention to the following provisions of the Social Security Regulations:

"An initial or reconsidered determination of the Administration or a decision of a hearing examiner or of the Appeals Council which is otherwise final * * * may be reopened:

&ast; &ast; &ast; &ast; &ast; &ast;

"(b) after such twelve month period but within four years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision * * *"

It may be that plaintiff can convince the Social Security Administration that good cause exists for reopening his case.

Accordingly, the action is dismissed.