Nelson C. PIPER, Plaintiff,

v.

Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 70-223.

United States District Court, W. D. Pennsylvania.

Aug. 21, 1970.

Ralph J. Talarigo, Portage, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty. Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

This is an action filed pursuant to § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), wherein plaintiff seeks judicial review of the decision of the Secretary of Health, Education and Welfare denying his application filed on May 18, 1969 for disability insurance benefits and for a period of disability under § 223 and § 216(i) of the Social Security Act, 42 U.S.C.A. §§ 423 and 416(i).

On June 18, 1968, plaintiff filed an application for a period of disability and for disability insurance benefits stating that he became unable to work in October 1966. The Bureau of Disability In-surance denied the application on August 1, 1968, and plaintiff did not pursue this application. Plaintiff filed a second application on May 18, 1969, alleging that he became unable to work in 1966 as a result of silicosis, varicose veins, poor circulation in both legs and arthritis. This application was initially denied on June 19, 1969 and on reconsideration on July 8, 1969. Thereafter, a timely request for hearing was filed and, after due notice, the same was held on November 7, 1969. By decision dated November 17, 1969, the Hearing Examiner held that plaintiff was not entitled to a period of disability or disability insurance benefits. On December 19, 1969, plaintiff filed an appeal with the Appeals Council. By decision dated January 29, 1970, the Appeals Council denied plaintiff disability benefits and affirmed the Hearing Examiner's decision of November 17, 1969.

Plaintiff, having exhausted his administrative remedies, commenced an action in this Court on February 25, 1970, which was within the sixty day period required by § 205(g), *supra*. In response to the Complaint, defendant filed an Answer and a certified copy of the administrative transcript. Subsequently, defendant filed a Motion for Summary Judgment. Counsel for the respective parties have filed written briefs in support of their positions on the Motion and have agreed to waive oral argument. Upon review of the administrative record, the pleadings, and the briefs of counsel, the Court is compelled to grant the Motion for Summary Judgment.

Pertaining to the scope of judicial review, § 205(g), *supra*, provides as follows:

"The Court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for hearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under this section and Section 10(e) of the Administrative Procedure Act, 5 U.S.C.A. § 706, the Court is limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir.1957).

To qualify for disability insurance benefits and a period of disability under sections 223 and 216(i) of the Social Security Act, 42 U.S.C.A. §§ 423 and 416(i), plaintiff must meet the insured status requirements of these sections, be under age 65, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined in the Act.

The term "disability" is defined in section 223 to mean:

"(d) (1) * * *

"(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *

"(B) * * *

"(2) For purposes of paragraph (1) (A)—

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such

individual lives or in several regions of the country.

"(B) * * *

"(3) For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

"(4) * * *

"(5) An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

For purposes of establishing a period of disability under section 216(i) of the Social Security Act, as amended, the same disability provisions as contained in section 223(d) (1) (A), (2) (A), (3) and (5) of the Act, quoted *supra* are applied.

■ Plaintiff last met the special insured status requirements of the Act on December 31, 1963. Therefore, it was incumbent upon plaintiff to establish that he suffered a disability which began on or before that date.

Plaintiff was born on March 11, 1915, and is presently fifty-five years of age. He was graduated from high school in 1933 and has had no other education or training since that time. Immediately upon graduating from high school, plaintiff went to work for his father in his general merchandise store where he clerked, stocked shelves and drove a truck from 1933 until 1955. From July 8, 1942 to January 15, 1946, plaintiff was an infantryman in the United States Army. From 1955 until 1958, plaintiff worked on a tipple in the coal mining industry. Plaintiff testified that he quit his job at the mines upon orders from his physician due to a lung condition. He then worked for a contractor, laid water lines, and worked as a salesman. He was separated from his last job as a salesman when the company went out of business in 1966.

Plaintiff alleged an inability to work commencing in 1966 due to silicosis, poor circulation and arthritis. However, plaintiff last met the earnings requirements of the Act on December 31, 1963, and it was his burden to establish that he suffered from the claimed disability on or before said date. Carter v. Celebrezze, 367 F.2d 382 (4th Cir. 1966). Moreover, plaintiff was required to show that such impairment as existed on or before December 31, 1963 was the result of "anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques", Section 423(d) (3), *supra.*

The Hearing Examiner found that plaintiff, at the time when he last met the earning requirements of the Act, had no impairment which would have precluded him from engaging in any of his previous occupations or would have precluded him from substantial gainful activity. The decision is supported by the record.

There is no medical evidence of plaintiff's condition on or before December 31, 1963. Evidencing that he was not disabled on or before that date is his own statement that he became disabled in 1966 and the fact that he worked as a driver salesman selling potato chips and pretzels house-to-house. Plaintiff testified that he was treated by one Dr. Solomon beginning in 1956, but no medical report of said physician was provided.

The earliest medical evidence of record is dated November 7, 1967 and adverts to a condition of dysuria which had ceased at the time of the report. A Veterans Administration Report dated January 5, 1968 carried plaintiff's statement that he began having trouble with his feet while in the armed services in 1943 and that the difficulty had become progressively worse in the several years immediately preceding. But there is no medical evidence of record showing the existence of such a condition in 1943 or the degree of severity thereof at that time or thereafter while plaintiff met the earnings requirements of the Act.

There is medical evidence in various medical reports subsequent to the Veterans Administration Report of January 5, 1968 that plaintiff suffered from varicose veins and silicosis. However, neither the increase in severity of an existing impairment nor the occurrence of a new impairment subsequent to the expiration of plaintiff's specially insured status may be a basis of eligibility for either a period of disability or disability insurance benefits under the Act. Taylor v. Ribicoff, 204 F.Supp. 144 (S.D.W.Va.1962).

It is recognized that the plaintiff is receiving a disability pension from the Veterans Administration. However, the requirements of the Veterans Administration differ from the requirements of the Social Security Act and a finding of disability under that program is not binding on the Secretary. Gee v. Celebrezze, 355 F.2d 849 (7th Cir. 1966); Payne v. Cohen, 293 F.Supp. 48 (E.D.Ky.1968); Ferrell v. Gardner, 260 F.Supp. 966 (S.D.W.Va.1966).

Plaintiff failed to meet his burden of proving the existence of a disability during the period when he met the earning requirements of the Act, and the Hearing Examiner's decision must therefore be affirmed.

An appropriate order is entered.

### ORDER

Now, this 21st day of August 1970, upon review of the pleadings, briefs filed by counsel, and the administrative record, the Court hereby orders that defendant's Motion for Summary Judgment be and the same is hereby granted, that the decision of the Secretary of Health, Education and Welfare be and is hereby affirmed, and that plaintiff's Complaint be and hereby is dismissed.