**Earl E. KENNEDY**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, The United States of America.**

**Civ. A. No. 69–2846.**

United States District Court, E. D. Pennsylvania.

Sept. 4, 1970.

2. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418.

---

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Louis C. Bechtle, U.S.Atty., Jeffrey M. Miller, Asst.U.S.Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

This is an action under section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The decision rendered by a hearing examiner on September 23, 1969, became the final decision of the Secretary in this case when the Appeals Council denied plaintiff's request for review on November 12, 1969. This final decision holds that plaintiff is not entitled to a period of disability or disability insurance benefits based on his application filed July 15, 1968.

It was the plaintiff's burden to show that he was disabled before September 30, 1964. The plaintiff practically concedes, as well he might, that the determination of the Secretary that there was no disability before that date is supported by substantial evidence. Plaintiff urges, however, that because he was without counsel before the hearing examiner, the case should be remanded for a further hearing so that plaintiff could present his claim with the assistance of counsel. This argument is appealing on its surface, but we nonetheless feel constrained to reject it. Before the hearing the plaintiff was advised that he had a right to be represented by counsel but he stated he was prepared to go ahead without a hearing and represent himself. "In the absence of a showing of clear prejudice or unfairness at the agency level proceedings, the lack of counsel is not a sufficient cause for remand." Domozik v. Cohen, 413 F.2d 5 (C.A.3, 1969). See also Christopher v. Finch, 317 F.Supp. 1101 (E.D.Pa.1970). This is especially true where the claimant has affirmatively waived his right to counsel. We will therefore grant the defendant's motion for summary judgment.

It is so ordered.