**Ruben E. MINTON**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare.**

**Civ. A. No. 70–B–67.**

United States District Court,
S. D. Texas,
Brownsville Division.

July 14, 1971.

Filemon B. Vela, Brownsville, Tex., for plaintiff.

Anthony J. P. Farris, U. S. Atty., B. Stephen Rice, and Charles B. Wolfe, Asst. U. S. Attys., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

GARZA, District Judge.

The plaintiff, Ruben E. Minton, has filed this action under the Social Securi-ty Act, Section 205(g), 42 U.S.C.A. § 405(g), requesting this Court to review and reverse a decision of the Secretary of Health, Education and Welfare deny-ing disability insurance benefits to the plaintiff. The Secretary's motion to dismiss was denied by Memorandum and Order of December 24, 1970, which re-quired the filing of a complete tran-script of proceedings. This has been done and the case is now before the Court on motions for summary judg-ment.

The plaintiff first applied for disabili-ty insurance benefits on May 2, 1962, and his claim was denied. No further administrative steps were taken.

On August 1, 1963, plaintiff again filed a claim which was denied initially on September 3, 1963. A hearing was held on October 22, 1964, and the exam-iner denied the claim on January 29, 1965. This denial was affirmed by the Appeals Council on May 6, 1966, and an attempt to obtain judicial review by this Court was dismissed as not being timely filed.

On September 30, 1968, the plaintiff filed his third application for disability benefits which was denied initially and on reconsideration. A hearing was re-quested and later held on January 30, 1970. After considering the prior claims record of the plaintiff and addi-tional evidence which was submitted, the examiner issued his decision of Febru-ary 6, 1970, that the plaintiff was enti-tled to establishment of a period of dis-ability beginning January 1, 1962, and to disability insurance benefits begin-ning for the month of September, 1967, under pertinent provisions of Sec. 216(i) and 223 of the Social Security Act as amended and applicable regula-tions.

Under 20 CFR 404.947, the Appeals Council may on its own motion reopen an examiner's decision for the purpose of dismissing the party's request for hearing for any reason for which it could have been dismissed by the hear-ing examiner. Citing this authority, the Appeals Council reopened the examiner's

decision of February 6, 1970, and dismissed the plaintiff's request for hearing under 20 CFR 404.937 on the ground that the prior decision of May 6, 1966, was final and res judicata.

The council further declined to reopen the decision of May 6, 1966, under 20 CFR 404.956–404.958. Section 404.957 provides for reopening an otherwise final determination "within 4 years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision—". Sec. 404.958 defines "good cause" for reopening as new and material evidence, clerical error in the computation of benefits, and error on the face of the evidence on which the decision is based. The council admitted that the evidence submitted to the second examiner in this case was new, but found that it did not have "material relevance with respect to claimant's disability status on or before June 30, 1965, when he last met the special earnings requirements for disability purposes". The examiner's decision which favored the plaintiff was thus nullified.

■ Considering first the latter part of the Order of the Appeals Council concerning reopening the decision of May 6, 1966, this Court must agree with the conclusion not to reopen said decision, but not for the reasons stated. The four-year period allowed by 20 CFR 404.957 began to run on the date of the notice of the initial determination of the prior claim, which in this case was September 3, 1963. The application involved here was not filed until September 30, 1968, a period of slightly more than five years. Although the Memorandum and Order of December 24, 1970, indicated that the limitation period should not begin until the prior determination was made final by the Appeals Council on May 6, 1966, I must agree with the reasoning in Pasquale v. Finch, 418 F.2d 627 (1 Cir. 1969). The District Court had made a similar finding that initial determination really meant the day on which the initial determination became final, because a claimant might exhaust his four-year reopening period in administrative proceedings. As pointed out by the Appellate Court, however, a claimant has a continuing opportunity to produce new evidence throughout his administrative appeals and would otherwise be afforded a much longer reopening period than a claimant who did not appeal from the initial determination.

The question of reopening is important in determining the beginning date of disability insurance benefits, since Sec. 202(j) (1) of the Act, 42 U.S.C.A. § 402(j) (1) limits retroactive payments to twelve months prior to the date of application. It does not, however, dispose of the basic issue in this case.

■ The question here is whether the decision of May 6, 1966, which is final and not subject to reopening, is res judicata as to the plaintiff's rights under the Act. I find that it is not, and the decision of the hearing examiner on February 6, 1970, was correct and should be reinstated.

20 CFR § 404.937 provides:

"The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) Res judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision—"

The record before this Court cannot support the statement of the Appeals Council that the issues here "were with respect to the rights of the same claimant on the same facts, pertinent to the same issues decided in the Appeals Council's decision of May 6, 1966". The

additional evidence before the second examiner at the 1970 hearing was both new and relevant to this plaintiff's condition on or before June 30, 1965, which is the undisputed date that he last met the special earnings requirements.

The second examiner found that this plaintiff had medically determinable impairments described as "Psychotic depressive reaction, with schizophrenic features and somatization in a passive-dependent inadequate personality—", which considered with Claimant's age, education and work history made him unable to engage in any substantial gainful activity and under a disability from January 1, 1962, through the date of the decision and continuing. The plaintiff has consistently characterized his ailments as physical although it is obvious from the entire record that his primary impairments have been mental. The Appeals Council recognized this fact in its first decision of May 6, 1966, but simply did not have enough evidence before it to find these impairments to be of such severity to prevent plaintiff from engaging in substantial gainful activity for any continuous period commencing on or before June 30, 1965. The medical evidence consisted of reports concerning minor physical abnormalities although there had, by this time, been submitted psychological findings indicating mild conversion reaction, hypochondriacal reaction, depressive reaction with schizophrenic features, and even in one report by a general practitioner, paranoid schizophrenia causing plaintiff to be mentally incapable of gainful employment.

The 1964 hearing was an interesting procedure. The plaintiff appeared before the first examiner under armed guard by a deputy sheriff and a highway patrolman in the process of taking him to a Veterans Administration Hospital, pursuant to a commitment executed two days before by the County Judge. The plaintiff's wife was also present and the deputy sheriff stated at one point, "There is a question in my mind which one needs committing the worse (sic), but he has a record of neurosis". After this, the examiner asked the plaintiff a few questions regarding his work history and nothing whatever about his physical or mental condition.

The hearing held by the second examiner in 1970 presents a marked contrast in the eliciting of material facts. The examiner brought out in questioning the plaintiff a long history of mental problems going back to a nervous breakdown in the Navy prior to his last discharge in 1951, his several hospitalizations, and his unsuccessful attempts to obtain employment since 1961.

Additional medical evidence included report of a hospitalization in 1967, a psychiatric evaluation in 1968, a psychiatric report dated January 6, 1965 (before the date when he last met the special earnings requirements), and a report of a physician's examination in 1969.

The diagnosis in May, 1967, was psychotic depressive reaction and the V.A. Hospital Psychiatric Staff considered plaintiff "totally incapacitated". The psychiatrist in 1968 concluded that plaintiff's capacity for gainful employment had been nil for several years, that he had auditory hallucinations, that he was only partially aware of his illness, and the diagnosis was schizophrenia, paranoid type. The 1969 physician's report stated that the plaintiff had been a chronic schizophrenic, paranoid type. Even the psychiatrist's report of January 6, 1965, found schizophrenic syndrome with paranoid type, auditive hallucinations—, "and in general, lack of capacity of adaptation".

The Court finds no merit to the Secretary's contention that the evidence submitted with plaintiff's current application is either cumulative of evidence already considered in the earlier application or relates to a condition subsequent to the time when he was eligible for benefits.

■ The evidence was new, material, and when considered with the entire record before the examiner, compelled

the decision that plaintiff is entitled to establishment of a period of disability and to disability insurance benefits beginning for the month of September 1967.

█ A review of the cases indicates that res judicata has been approved as a basis for denying claims of disability insurance benefits in numerous instances of multiple claims filed by the same claimant, where the facts and issues have not changed materially since the first application. They also indicate that reliance by the Secretary on res judicata is largely a matter of agency discretion. There is no doubt, however, that this Court is authorized to reverse such a decision amounting to an abuse of discretion under the Administrative Procedure Act, as amended, 5 U.S.C.A. §§ 703–706. Cappadora v. Celebrezze, 356 F.2d 1 (2 Cir. 1966); Mullins v. Cohen, 296 F.Supp. 260 (D.C.W.D.Va.1969); Casey v. Cohen, 295 F.Supp. 561 (D.C. W.D.Va.1968).

If the hearing in this case was made mandatory by 42 U.S.C.A. § 405(b), as I believe it was, then additional authority is conferred on this Court to review and reverse the decision of the Secretary where not supported by "substantial evidence" under 42 U.S.C.A. § 405(g). Cappadora v. Celebrezze, *supra*; Casey v. Cohen, *supra*.

The decision of the Secretary dismissing the plaintiff's request for a hearing must be reversed under either theory; whether for lack of substantial evidence to support it or as an abuse of discretion.

It is therefore ordered that plaintiff's motion for summary judgment is granted and the Secretary's motion for summary judgment is denied. This cause is remanded to the Secretary for computation and payment of disability insurance benefits beginning for the month of September 1967, pursuant to the Social Security Act and applicable regulations.