Rose M. MILLS, Plaintiff,

v.

Elliot RICHARDSON, Secretary of Health, Education and Welfare, United States of America, Defendant.

Civ. A. No. 71–416.

United States District Court,
W. D. Pennsylvania.

March 8, 1972.

Berger & Kapetan, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

OPINION

GOURLEY, Senior District Judge:

This Complaint has been filed to obtain judicial review of the dismissal by defendant of plaintiff's claim for child's disability benefits under the Social Secu-

rity Act. Jurisdiction is asserted to exist pursuant to 42 U.S.C.A. § 405(g). The immediate matter before the Court is defendant's Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

Defendant's position, very simply stated, is that there is no jurisdiction in this Court because there has been no final decision as required by 42 U.S.C.A. § 405(g). This position is premised on the fact that plaintiff has filed two prior applications for child's insurance benefits before filing the current application now being considered. The first application was denied initially on February 20, 1957 and became a final decision on January 31, 1958 on reconsideration since plaintiff took no further action thereafter. The second application for the same benefits was denied and became a final decision April 18, 1966 due to plaintiff's inaction. Plaintiff filed the third and present application which was denied by the hearing examiner on the basis of res judicata. The res judicata ruling was made after a hearing conducted solely for the purpose of ascertaining whether the parties, facts, and issues were the same as in the prior two applications. All matters were found to be identical and thus the hearing examiner issued his order dismissing plaintiff's request for a hearing. Although this ruling was made, an offer of proof by plaintiff's counsel was allowed to show what evidence would have been presented.

It is the considered judgment of this Court that defendant's entire course of conduct was proper and that defendant's Motion to Dismiss should be granted.

■ It should be noted that this case does not present a situation in which it must be decided whether or not the findings of defendant are supported by substantial evidence. We are confronted only with an issue of law. Rushing v. Finch, 310 F.Supp. 848 (W.D.La.1970).

■ It is clear that the hearing examiner may dismiss a request for a hearing when there has been a previous determination by the Secretary concerning the rights of the same party on identical facts touching on the same issue. 20 C.F.R. § 404.937.[1] This is exactly what occurred in this case. Thus, the proceedings at the administrative level never reached the hearing stage. Without a hearing there is no "final decision" required by 42 U.S.C.A. § 405(g), which this Court has jurisdiction to review. Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954); Rushing v. Finch, *supra*.

■ It is well to note that, although new medical evidence has been proffered showing plaintiff has poliomyelitis in the left leg as well as in the right leg, evidence to establish "good cause" to reopen a determination of defendant must relate to a time during which plaintiff was eligible to receive benefits under the Social Security Act. The additional evidence was contained in an "offer of proof" of what would have been introduced had a hearing been conducted. In this case such evidence would have to relate to a period on or before plaintiff's eighteenth birthday. See Piper v. Richardson, 315 F.Supp. 234 (W.D.Pa.1970). Clearly, the additional evidence of a polio deformity in the left leg does not meet this requirement since it was never available for presentation until after more than thirteen years from the first denial of disability benefits on January 31, 1958, and nearly five years from the second such

---

1. 20 C.F.R. § 404.937 provides:
   "The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:
   (a) *Res judicata*. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision . . . ."

denial on April 18, 1966. In any event, much more than the four years within which a determination may be reopened as provided by the regulations promulgated under the Social Security Act has elapsed.[2]

Moreover, lack of counsel at the prior administrative proceedings is not a basis for reopening a prior determination. 20 C.F.R. § 404.957–404.958, and see Rushing v. Finch, *supra*. Nor is the lack of specific advice that counsel could be present during a hearing any basis for reopening. Only where there is some showing of prejudice or unfairness at the administrative level would the lack of counsel warrant further reconsideration. Kennedy v. Finch, 317 F.Supp. 7 (D.C.Pa.1970). No such prejudice or unfairness is deemed to exist here, nor is any created in this case simply because plaintiff has only six years of formal education, there being no indication here of any mental impairment on the part of plaintiff. Cf. Staskel v. Gardner, 274 F.Supp. 861 (E.D.Pa.1967) and Minton v. Richardson, 328 F.Supp. 1264 (S.D.Tex.1971) involving claimants with mental impairments, or limited educational experience.

Nor do we find any power under the Administrative Procedure Act warranting setting aside the Social Security Administration's action. The Administrative Procedure Act, 5 U.S.C.A. § 706 requires that agency action be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law to be set aside. We find no such arbitrary or capricious action in this case.

Accordingly, there being no basis to proceed due to lack of subject matter jurisdiction, it is the considered judgment of this Court that defendant's Motion to Dismiss made pursuant to Federal Rule 12(b) of the Federal Rules of Civil Procedure be granted.

In view of this disposition, the Court, after a most careful review of the briefs of counsel and its own extensive independent research deems oral argument to be unnecessary.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

---

2. 20 C.F.R. § 404.957(b) provides:

"An initial, revised, or reconsidered determination of the Administration or a decision or revised decision of a hearing examiner or of the Appeals Council which is otherwise final under § 404.908, § 404.916, § 404.940, or § 404.951 may be reopened:

(a) . . .

(b) After such 12-month period, but within 4 years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision, or

