**Dorothy WILLIAMS o/b/o Brandon TORRES Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 03 Civ. 3220(VM).**

United States District Court, S.D. New York.

April 20, 2004.

James M. Baker, New York City, for Plaintiffs.

Susan D. Baird, United States Attorney for the Southern District of New York, New York City, for Defendant.

### DECISION AND AMENDED ORDER

MARRERO, District Judge.

Plaintiff Dorothy Williams ("Williams") seeks judicial review of the decision of the Commissioner of Social Security (the "Commissioner") rejecting an application for Supplemental Security Income ("SSI")

benefits that Williams filed in March 2000 (the "2000 Claim") on behalf of her son Brandon Torres ("Torres"), who suffers from asthma. Both parties agree that the Administrative Law Judge (the "ALJ") who conducted a hearing on Williams's application erred by, *inter alia,* inadequately developing and considering the evidence on the record.

Because the Commissioner's decision is not supported by substantial evidence, and in light of the already extensive delay in adjudicating this application, remanding this case to the ALJ for further administrative proceedings as to the 2000 Claim would serve no useful purpose. Accordingly, in a Decision and Order dated March 30, 2004, the Court denied the Commissioner's motion for remand and granted Williams's motion for judgment on the pleadings as to the 2000 Claim, and remanded the 2000 Claim to the Commissioner for the sole purpose of awarding benefits. The Court indicated that it would make its findings, reasoning and conclusions available separately.

## I. *BACKGROUND*

Doctors first diagnosed Torres as asthmatic when he was six months old. He is now seven years old, was hospitalized twice for asthma when he was very young, and has suffered asthma attacks throughout his life. Torres generally begins to cough and wheeze after ten to fifteen minutes of physical activity. His asthma is also triggered by hot or cold weather, rain, laughter, cats, dogs, perfume, strong smells, and colds.

Williams first filed an SSI claim on behalf of Torres in June 1998 (the "1998 Claim"), when Torres was one year old. She asserted that Torres was disabled due to asthma. An administrative law judge rejected that application, and the ALJ's decision became the final decision of the Commissioner on January 4, 2001.

On March 22, 2000, Williams filed a second SSI claim on behalf of Torres, the claim at issue in the present case. The 2000 Claim was denied initially and upon reconsideration. Williams requested a *de novo* hearing, which was held before an administrative law judge on April 12, 2001. At the hearing, Williams's counsel presented evidence on Torres's asthma, including Torres's medical history, symptoms, and treatment. Williams presented additional medical evidence to the ALJ after the hearing, and also requested that the ALJ reopen the 1998 Claim. The ALJ issued a decision on July 26, 2002 denying the 2000 Claim. The ALJ did not rule on Williams's request to reopen the 1998 Claim. The ALJ's decision became the final decision of the Commissioner in April 2003 when the Appeals Council denied Williams's request for review.

Williams now seeks judicial review of the Commissioner's decision on the 2000 Claim. Both parties agree that the ALJ erred during the hearing by inadequately developing and considering the evidence on the record and by failing to rule on Williams's request to reopen the 1998 Claim. The parties dispute the appropriate remedy. The Commissioner has moved for remand for further consideration of the evidence and development of the record. Williams has filed a cross-motion for judgment on the pleadings.

## II. *DISCUSSION*

### A. *STANDARD OF REVIEW*

██ On appeal from a final decision of the Commissioner, the Court may "enter, upon pleadings and transcript of record, a judgment affirming, modifying, or reversing" the Commissioner's decision "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). When the administrative record contains gaps requiring further development of the evidence,

or when the ALJ has applied an incorrect legal standard, the usual course is to remand the case to the Commissioner for further proceedings. *See Rosa v. Callahan,* 168 F.3d 72, 82–83 (2d Cir.1999). But, when there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision," the Court may reverse the Commissioner's decision and remand solely for a calculation of benefits. *Id.* at 83; *see also, Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000).

### B. *DISABILITY*

■ A child under age 18 may receive SSI benefits if his income and assets are below a certain threshold and if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 1382(a)(1) & 1382c(a)(3)(c)(i). The Commissioner employs a three-step inquiry to determine whether a child is disabled. *See* 20 C.F.R. § 416.924. First, the Commissioner examines whether the child is engaged in "substantial gainful activity." *Id.* Second, the Commissioner determines whether the child has a severe medically-determinable impairment. *See id.* Finally, the Commissioner considers whether the child's impairment "meets, medically equals, or functionally equals" any of the several hundred medical conditions listed in Appendix 1 to Part 404, Subpart P of Title 20 of the Code of Federal Regulations ("Appendix 1"). *Id.*

The listing for asthma in Appendix 1 imposes two relevant requirements which Torres must meet to receive SSI benefits:

Persistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with one of the following:

. . . . .

2. Short courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12–month period.

§ 103.03C of Appendix 1.

Williams argues that Torres satisfies these requirements because he has both persistent low-grade wheezing between acute attacks and an absence of extended symptom-free periods, and because between December 1999 and November 2000 he received three short courses of Prelone, a corticosteroid used for the treatment of asthma attacks, that averaged more than five days per month over that period. The Commissioner argues that Torres fails to meet either the wheezing or the short course of corticosteroids criteria.

In her written decision after the hearing on the March 2000 Claim, the ALJ stated that "[t]he clinical records regarding treatment before the March 22, 2000 alleged onset date are not relevant." (Decision in re. Brandon Torres dated July 26, 2002, (the "ALJ Decision") at 7, attached to Transcript of Administrative Record ("Tr.") at 19.) Both parties agree this is incorrect, because in making a determination of disability the Commissioner is obligated to "develop [the claimant's] complete medical history for at least the 12 months preceding the month in which you file your application." 20 C.F.R. § 416.912(d). As noted above, when the ALJ applies an incorrect legal standard the Court will typically remand the case to the Commissioner for further proceedings. But in this case, the Court's review of the record indicates that remanding this case for anything other than a calculation of benefits would serve no useful purpose and only further delay an award of benefits to a

child who has already been waiting several years since his claim was filed.

### 1. *Persistent Wheezing and Symptom–Free Periods*

To establish disability due to asthma, a claimant must first prove that he suffers from either "[p]ersistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators." § 103.03C of Appendix 1. The Commissioner argues that Williams has failed to demonstrate that Torres meets this criterion.

Williams filed the 2000 Claim in March 2000. The Court will therefore examine the record of evidence regarding Torres's condition for the preceding twelve months as part of its inquiry into the disability claim. The Commissioner argues that because an ALJ previously rejected Williams's 1998 Claim on September 8, 1999, the Court must apply principles of administrative *res judicata* to Torres's condition before that date. Neither the ALJ's decision on the 1998 Claim nor any materials relating to that claim are part of the record before the Court on the 2000 Claim. There is no indication whether all the evidence of Torres's condition as to the period before September 8, 1999 that is in the record in the present case was also before the ALJ who ruled on the 1998 Claim, or whether the record for the 2000 Claim contains any new evidence regarding Torres's condition before September 8, 1999. Res judicata would not apply to a new claim that is based on the same alleged disability as a prior rejected claim that occurred during an overlapping time period if the new claim is based on new evidence. *See Green v. Weinberger,* 500 F.2d 203, 205 & n. 1 (5th Cir.1974); *Minton v. Richardson,* 328 F.Supp. 1264 (S.D.Tex.1971); Annotation, *Applicability of doctrine of administrative res judicata to determination by Secretary of Health, Education and Welfare that claimant is not entitled to Social Security benefits,* 1973 WL 33972, 14 A.L.R. Fed. 776 (2004). Any new evidence of wheezing would be directly relevant to the question of whether Torres suffers from persistent low-grade wheezing or an absence of extended symptom-free periods.

But even if the ALJ who decided the 1998 Claim was presented with the evidence of Torres's persistent wheezing before September 8, 1999, Torres still satisfies the first prong of the asthma test based on medical reports between that date and the April 12, 2001 ALJ hearing on the 2000 Claim.

The record contains seventeen reports from Torres's treating physicians between September 13, 1999 and February 26, 2001 that refer to Torres's wheezing. On September 13, 1999, for example, Torres's physician recorded that Torres had been coughing and wheezing for the previous week. (Tr. 354.) A physician's report for January 6, 2000 indicated that Torres was coughing four nights per week with a lot of wheezing. (Tr. 335.) As a whole, the reports indicate persistent wheezing between acute attacks. Additionally, Williams testified that she gives Torres bronchodilators several times each day and again in the middle of the night three or four times every week when Torres wakes up coughing. (Tr. 67–68.)

The Commissioner argues that the treatment notes are insufficient to satisfy the persistent wheezing or absence of symptom-free periods factor because the notes are based on Williams's reports to physicians rather than on any doctor's personal observations. The Commissioner relies upon 42 U.S.C. § 423(d)(5)(A), which provides:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined

in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged[.]

But Courts frequently consider and rely upon patient reports of ailments when those reports were accepted by the patient's treating physician and are not contradicted. *See Virola v. Barnhart,* No. 02 Civ. 6165, 2003 WL 22990081 (S.D.N.Y. Dec. 18, 2003). As the Ninth Circuit stated, "[L]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001). To be sure, "A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" *Morgan v. Apfel,* 169 F.3d 595, 602 (9th Cir.1999).

The Commissioner argues that on some routine follow-up visits a physician examining Torres determined that his chest was clear, and that therefore Williams cannot legally establish that Torres suffers persistent wheezing or an absence of extended symptom-free periods. But all of Torres's treating physicians accepted Williams's reports of Torres's wheezing and coughing. They repeatedly prescribed medication to control asthma based on Williams's reports. There is no indication that Williams's reports to Torres's physicians are anything other than entirely credible.

The ALJ credited Williams's testimony that Torres's asthma is induced by exercise, hot or cold weather, smoke, cats, dogs, perfume, and laughing. An absence of extended symptom-free periods implies something other than constant, continuous symptoms. This differs from other ailments whose symptoms are always present and observable by a physician.

### 2. Short Courses of Corticosteroids

To establish disability from asthma, Torres must also demonstrate that he received "short courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12–month period." § 103.03C of Appendix 1.

Torres's treatment satisfies this condition. Beginning on December 13, 1999, he received four days of prelone, a corticosteroid.[1] (Tr. 390, 584.) Torres took prelone for seven days beginning on January 6, 2000. (Tr. 584.) Finally, on November 1, 2000 Torres began a five-day prescription for prelone. (Tr. 582.) These three courses of treatment yield an average of 5 1/3 days per month for three months during a 12–month period. For reasons that are unclear, the Commissioner argues that Torres fails this criteria. The Commissioner's submissions to the Court make no reference to the January 6, 2000 prescription. This apparent oversight would seem to be the only basis on which the Commissioner could argue that Torres fails to meet this standard. Because Torres's treatment records are clear, no useful purpose would be served by remanding the case to the Commissioner to resolve this issue.

### C. REMEDY

■ Williams argues that in light of the substantial amount of time that has

---

**1.** One dose of prelone was administered to Torres during an emergency room visit on December 13, 1999, and the treating physician discharged Torres with a prescription for three additional days of the drug, for a total of four days.

elapsed since she filed the 2000 Claim, the Court should grant her judgment on the pleadings and remand to the Commissioner merely for a determination of benefits rather than remand for further administrative proceedings. The Commissioner argues that there is no persuasive proof of disability and therefore remand for further proceedings rather than an award of benefits by the Court is proper. Because the Court has determined that there is persuasive proof of Torres's disability, the Commissioner's principal argument against an award of benefits is no longer valid. Furthermore, Williams filed the present claim on behalf of Torres more than four years ago. The Court is reluctant to contribute further to the delay in an award of benefits to a young child by remanding this claim to the Commissioner for additional administrative proceedings. *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir.2002). In light of the already substantial history of this case, and because remanding for further administrative proceedings would serve no useful purpose, the Court grants Williams's motion for judgment on the pleadings and remands to the Commissioner only for a determination of benefits. *See id.; Carroll v. Sec. of Health and Human Services*, 705 F.2d 638, 644 (2d Cir.1983).

The Commissioner failed to rule on Williams's request to reopen the 1998 Claim. Accordingly, as the parties recognize is appropriate, the Court remands the 1998 Claim to the Commissioner to rule on the request. *See* 28 U.S.C. § 1361.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the Court's Order herein dated March 30, 2004 is amended to incorporate the discussion set forth in this Decision; and it is further.

**ORDERED** that the decision of Defendant Jo Anne Barnhart, as Commissioner of Social Security (the "Commissioner"), affirming the determination of the Administrative Law Judge dated July 26, 2002 denying the application for Supplemental Security Income ("SSI") benefits filed by Plaintiff Dorothy Williams ("Williams") on behalf of Brandon Torres ("Torres"), is reversed and remanded to the Commissioner; and it is further.

**ORDERED** that the Commissioner is directed to calculate and award to Torres the SSI benefits to which he is entitled pursuant to this order; and it is further

**ORDERED** that the Commissioner is directed to issue a ruling on Williams's request to reopen the claim for SSI benefits filed on behalf of Torres on June 30, 1998.

The Clerk of Court is directed to close this case.

**SO ORDERED.**