Dorothy **WILLIAMS** o/b/o Brandon
**TORRES Plaintiff,**

v.

Jo Anne B. **BARNHART,**
**Commissioner of Social**
**Security, Defendant.**

No. 03 Civ. 3220(VM).

United States District Court,
S.D. New York.

June 7, 2004.

### *DECISION AND ORDER*

MARRERO, District Judge.

By Decision and Order dated March 30, 2004 (the "Original Order"), this Court reversed the decision of Defendant Jo Anne Barnhart, as Commissioner of Social Security (the "Commissioner"), affirming the determination of the Administrative Law Judge dated July 26, 2002 that denied the application for Supplemental Security Income ("SSI") benefits filed by Plaintiff Dorothy Williams ("Williams") on behalf of Brandon Torres ("Torres"). Thus, the Court remanded the case to the Commissioner for the purpose of calculating and awarding to Torres the SSI benefits to which he is entitled. The Court indicated that it would more fully explain its reasoning in a subsequent written decision. On April 20, 2004, this Court issued a Decision and Amended Order[1] (the "Amended Order") in which, as previously indicated, it set forth the reasoning underlying the Original Order.

On April 16, 2004, in the interval between the Original Order and the Amended Order, the Commissioner filed a Motion to Vacate the Judgment Pursuant to Federal Rule of Civil Procedure 59(e). The Commissioner argued that certain language in the Original Order left the impression that the Court applied an incorrect standard of review when it evaluated the Commissioner's decision. But the Amended Order, as it was intended to do, replaced the Original Order and took account of the Commissioner's contention in the motion to vacate the judgment. Consequently, the Court clarified the pertinent language so as to underscore that the proper characterization of the standard of review in fact was applied. The Commissioner's argument that the Court applied an incorrect standard of review is therefore moot.

The Commissioner also argues that because the Court did not fully explain its

---

1. The Decision and Amended Order is reported at *Williams v. Barnhart,* 2004 WL 868206

(S.D.N.Y. Apr.20, 2004).

reasoning in the Original Order and did not specify when it would issue a more detailed opinion, it was prejudiced in its ability to appeal. The Commissioner argues that because notice of appeal must be filed within 60 days of entry of judgment, the Court's Original Order placed it in the position of having to decide whether to pursue an appeal without knowing the reasons for the Court's decision, and also raised the possibility that the parties would have to litigate the appeal without a written decision from this Court. The Court's Amended Order moots all of these concerns. If the Commissioner believes that grounds for appeal exist, such a basis would derive from the standard, reasoning and conclusions set forth in the Amended Order, which the Commissioner is not foreclosed by the time limitation or otherwise from challenging on appeal.

Accordingly, for the reasons discussed above, the motion of Defendant Jo Anne Barnhart, as Commissioner of Social Security (the "Commissioner"), to vacate the judgment pursuant to Federal Rule of Civil Procedure 59(e) is denied.

**SO ORDERED.**