**Nellie A. HENDERSON, Plaintiff,**

**v.**

**Anthony J. CELEBREZZE, Secretary, Department of Health, Education, and Welfare, Social Security Administration, United States of America, Defendant.**

**Civ. A. No. 4123.**

United States District Court
W. D. South Carolina,
Greenville Division.
March 12, 1965.

---

**278**

John Bolt Culbertson, Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., and James D. McCoy, III, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Plaintiff, through counsel, brought an action in this Court for an "Order requiring the Social Security Administration to afford plaintiff an opportunity to present her case before a Hearing Examiner of the Social Security Administration." Alleged is that plaintiff was not properly instructed by officials of the Social Security Administration as to her rights of appeal, and as to her rights with respect to a hearing before a Hearing Examiner.

A representative of the Secretary filed an affidavit with this Court, which was attached to the motion to dismiss, which in material part provided:

"On November 14, 1956, the plaintiff filed an application for child's insurance benefits (disability) on the account of Jasper T. Henderson, the wage earner (her father), who died on December 26, 1955. The Bureau of Old-Age and Survivors Insurance notified her by letter of March 11, 1957, that her claim was disallowed because, although she had an impairment incurred prior to attainment of age 18, it was not so severe as to meet the requirements for child's insurance benefits (disability) as provided in the 1956 amendments to the Social Security Act. She requested reconsideration on April 8, 1957. On April 17, 1957, the said Bureau disallowed her application after reconsideration and, in a letter of that date, advised her in pertinent part as follows:

"'If you do not agree with this determination, you may request that a hearing be held on your application by a Referee of the Social Security Administration. If you desire a hearing, the request therefore should be made promptly and not later than three months from the date of this letter. If you have any additional evidence to submit, it should be forwarded with your request for hearing. * * *'

"The plaintiff did not request a hearing or ask for an extension of time to file such a request. Instead, on August 27, 1957 (more than 3 months after the notice of reconsideration disallowance of April 17, 1957), she submitted a statement in which she stated that she had been able to obtain additional medical evidence. However, on September 3, 1957, she informed the Social Security District Office, Greenville, South Carolina, by telephone, that she was unable to furnish additional evidence.

"The plaintiff filed a second application for child's insurance benefits (disability) on January 23, 1959, which, since it raised the same issues as had been raised in the initial application, was denied by the Bu-

reau of Old-Age and Survivors Insurance as a duplicate application, and claimant was so notified in a letter dated April 1, 1959.

"The plaintiff filed a third application for the benefits sought on March 1, 1961. On April 18, 1961, the said Bureau notified the claimant, in part, as follows:

> " 'You have already been notified that your previous application was denied because you were not under a continuous disability since before you attained age 18. We have carefully reviewed the previous decision and find no basis for changing it. We are not deciding whether you are now disabled, since this denial could not be affected by any present disability.'

"The plaintiff filed a request for reconsideration on May 24, 1961, and the Bureau of Old-Age and Survivors Insurance on July 3, 1961, notified her that the disallowance was correct and advised her again why benefits could not be paid. Although this notification did not refer to the right to request a hearing, the plaintiff filed a request for hearing on August 3, 1961. This request was dismissed by order issued April 23, 1962, by a Hearing Examiner of the Social Security Administration on the ground that the application filed March 1, 1961, raised the identical issues which were involved in the prior application filed November 14, 1956; and that since plaintiff had not filed a timely request for hearing, the reconsidered determination of the Bureau of April 17, 1957, was final and binding upon the plain-

tiff.[1] On June 25, 1962, plaintiff filed a request for review of the order issued by the Hearing Examiner. The Appeals Council issued an order denying the request for review and sent a copy thereof by certified mail to plaintiff on July 10, 1962."

There is no transcript of record in this case, the "factual situation" as the Court understands it, exists as supplied by the Affidavit, quoted above, of Joseph E. McElvain, Chairman, Appeals Council, Bureau of Hearings and Appeals, Social Security Administration, Department of Health, Education, and Welfare, which is a part of the Clerk's file.

██ Provision for judicial "review" of "final" decisions made after hearings on claims arising under Title II (Federal old-age, survivors, and disability insurance benefits) of the Social Security Act (hereinafter referred to as "the Act"), is made in, and expressly limited by, Sections 205(g) and (h) of said Act (42 U.S.C. § 405(g) and (h)). *The remedy provided by Section 205(g) of the Act, 42 U.S.C. § 405(g), is obviously exclusive.* These sections read in part as follows:

> 42 U.S.C. § 405(g). "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow * * *. As part of his answer the Secretary shall file a certified copy of the transcript of

---

1. The action by the Hearing Examiner was in conformance with Social Security Administration Regulations No. 4, section 404.937 [20 C.F.R. 404.937], which provides in pertinent part:
"The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances: (a) *Res judicata.* Where there has been a previous determination or decision by the

Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision * * *."

the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

42 U.S.C. § 405(h). "* * * No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 (the section defining the jurisdiction of the Federal courts which has been superseded by Section 1331 et al. of new Title 28 U.S.C.A.) to recover on any claim arising under this subchapter." See also Knight v. Celebrezze, 238 F.Supp. 897, (W.D. S.C.1965) (decided March 11, 1965).

Thus it is clear that the only judicial remedy available on a claim arising under Title II of the Social Security Act is by a civil action against the Secretary of Health, Education, and Welfare, brought under Section 205(g) of the Act, and that such an action can be brought only where the plaintiff has had a hearing and has otherwise duly exhausted the administrative remedies and has obtained a "final decision of the Secretary made after a hearing to which he (the plaintiff) was a party * * *."

█ In the instant case, with respect to the applications filed on November 14, 1956, and on January 23, 1959, the plaintiff obviously did not exhaust the available administrative remedies. There has been no hearing nor any decision by a hearing examiner, and, of course, no request for the Appeals Council to review a hearing examiner's decision. In other words, the plaintiff has not obtained a "final decision of the Secretary made after a hearing * * *" (Section 205 (g) of the Act, supra), without which the court can have no jurisdiction.

█ "The United States, as sovereign, is immune from suit save as it consents to be sued, * * * and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058. "In awarding a review of an administrative proceeding, Congress has power to formulate the conditions under which resort to the courts may be had." American Power and Light Company v. S.E.C., 325 U.S. 385, 389, 65 S.Ct. 1254, 1256, 89 L.Ed. 1683. "* * * [W]here a statute creates a right and provides a special remedy, that remedy is exclusive." United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 465, 63 L.Ed. 1011.

In N.L.R.B. v. Cheney Cal. Lumber Co., 327 U.S. 385, 388, 66 S.Ct. 553, 554, 90 L.Ed. 739, the Supreme Court said:

"When judicial review is available and under what circumstances, are questions (apart from whatever requirements the Constitution may make in certain situations) that depend on the particular Congressional enactment under which judicial review is authorized. * * *"

█ As previously noted, under the above-quoted provisions of the Social Security Act, a claimant's only judicial remedy is by an action under Section 205(g) of said Act, 42 U.S.C. Section 405 (g), for a review of a "final decision of the Secretary made after a hearing to which" such claimant was a party. That section also provides that "* * * As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. * * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *." Under this section the Court's power is limited to a

"review" of the administrative record. It cannot consider evidence *de hors* the administrative hearing record. In the instant case, the court could not review the administrative record because no hearing was held and there is no hearing record. Nor can the court review a "final decision * * * made after a hearing," since there was no hearing and no decision made after a hearing (nor any request for review by the Appeals Council). For the same reason the court could not enter the only form of judgment permitted by Section 205(g) of the Act, supra, namely, "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

Even apart from the express provisions of Sections 205(g) and (h) of the Act, 42 U.S.C. §§ 405(g) and (h), supra, the rule is well settled that a person cannot seek judicial relief until he has exhausted his administrative remedies. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; Aircraft and Diesel Equipment Corporation v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796;[2] First National Bank of Greeley v. Board of Commissioners of Weld County, 264 U.S. 450, 44 S.Ct. 385, 68 L.Ed. 784; Interstate Natural Gas Co. v. Southern Calif. Gas Co., 209 F.2d 380, 384 (9th Cir. 1953). In each of these cases, a complaint which did not show upon its face that the plaintiff had exhausted his administrative remedies, was dismissed on motion.

The plaintiff filed a third application for the benefits sought on March 1, 1961, which was denied by the Bureau initially and on reconsideration. Plaintiff filed a request for a hearing and the hearing examiner on April 23, 1962, dismissed the request because the application filed March 1, 1961, raised the identical issues which were involved in the prior application filed November 14, 1956, and since the plaintiff had not filed a timely request for hearing, the reconsidered determination of the Bureau of April 17, 1957, was final and binding upon the plaintiff and was, therefore, res judicata. The Appeals Council denied a request for review because the action by the hearing examiner was in conformance with Social Security Administration Regulations quoted in note 1, supra.

Accordingly, defendant Secretary's motion to dismiss will be granted. Judgment will be entered for defendant.

Costs will not be taxed.

And it is so ordered.

---

**2.** "The doctrine, wherever applicable, does not require merely the initiation of prescribed administrative procedures. It is one of exhausting them, that is, of pursuing them to their appropriate conclusion and, correlatively, of awaiting their final outcome before seeking judicial intervention." 331 U.S. at 767, 67 S.Ct. at 1500.