## Kozlosky v. Gardner

*Albert Kozlosky*, p. p.

*Drew J. T. O'Keefe* and *Sullivan Cistone*, for defendant.

DALTON, J., December 4, 1967.—Plaintiff, Albert Kozlosky, is acting as his own lawyer and also as lawyer for his mother who is named as coplaintiff. Defendant, represented by Drew J. T. O'Keefe, United States Attorney, and Sullivan Cistone, Assistant United States Attorney, filed preliminary objections to plaintiffs' self-prepared complaint. When the matter first came before the court for argument, the court stated, in an opinion filed July 24, 1967, that we were "most reluctant to dispose of this matter while plaintiffs lack the assistance of legal counsel". This court therefore

entered an order staying all proceedings for a period of 60 days to afford plaintiff an opportunity to procure legal counsel. Subsequent to that 60-day period, plaintiffs made known to attaches of the court that they had not retained a lawyer. Then, at the request of the court, two able and experienced attorneys each volunteered to represent plaintiffs and did confer at length with plaintiffs. Plaintiffs refused to accept the assistance of either of those attorneys and would not permit either of those attorneys to enter an appearance on their behalf. It would appear, from the report those attorneys made, that plaintiff, Albert Kozlosky, has taken the position that he has a superior and more comprehensive knowledge of the law than either or both of said capable and well qualified lawyers. We shall therefore proceed to a decision.

This is a trespass action brought against the Secretary of the United States Department of Health, Education and Welfare. In their self-prepared complaint, filed March 29, 1967, plaintiff, Albert Kozlosky, demanded the sum of $28,261.80 in social security benefits for himself, and $30,294 in social security benefits for his mother, Mary Ann Kozlosky, who is named as coplaintiff. No underlying facts are stated to support either claim. In another document, designated as "Request for Trial", filed April 21, 1967, plaintiff, Albert Kozlosky, states that he is presently receiving $112.40 per month in social security benefits; and that he "had a hearing before a hearing examiner and got no results". It does not appear whether his mother's claim for benefits was ever presented to the Social Security Administration. As to his own claim, plaintiff, Albert Kozlosky, apparently believes that he is entitled to more than the amount which he is now receiving.

Defendant, by the United States Attorney, Drew J. T. O'Keefe, and by the Assistant United States

Attorney, Sullivan Cistone, filed preliminary objections to the complaint on several grounds, including an objection to the jurisdiction of this court over the subject matter of the action.

The jurisdictional objection must be sustained. The Congress of the United States, in enacting the Social Security Act, did not give this court any power to decide claims arising under the act, or to review any decision of the Social Security Administration. The Social Security Act provides for judicial review of such claims by a District Court of the United States *only*, with a right to further review by a United States Court of Appeals thereafter.

Section 205 (g) of the Social Security Act, of August 14, 1935, 49 Stat. 624, 42 U. S. C. §405 (g), provides in relevant part as follows:

"(g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. *Such action shall be brought in the district court of the United States* for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. . . . The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions".

Section 205 (h) of the act, 42 U. S. C. §405 (h), further provides in relevant part as follows:

"(h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact*

*or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided"*.

The statutory remedy of judicial review in the Federal courts is *exclusive* of any other remedy: Wellens v. Dillon, 302 F. 2d 442, appeal dismissed 371 U. S. 11, 9 L. Ed. 2d 48; Henderson v. Celebrezze, 239 F. Supp. 277; Satterfield v. Celebrezze, 244 F. Supp. 190.

It is therefore clear that Congress has not given this court of common pleas any jurisdiction or power over claims arising under the Social Security Act. In fact, section 205 (h) of the act, 42 U. S. C. §405 (h), above quoted, expressly *forbids* this court to entertain this action.

Since the jurisdictional objection must be sustained it is unnecessary to discuss the remaining preliminary objections.

No matter what the merits of plaintiffs' claims against the Social Security Administration may be, it is absolutely clear that this court has no power whatsoever to decide those claims. We repeat, Congress has expressly denied to this court any authority to take jurisdiction of this controversy. If plaintiffs are dissatisfied with the decision of the Social Security Administration, the act of Congress makes it crystal clear that their remedy is to file an action in the District Court of the United States.

So that plaintiffs, who have refused the assistance of counsel, may clearly understand the order we are about to enter, we wish to make it clear to them that this court is *not* deciding whether plaintiffs do, or do not, have valid claims against the Social Security Administration. We are ruling *only* that this court has no power to decide the controversy either in favor of plaintiffs or against plaintiffs, because the Social Security Act has expressly denied such power of decision

to this court, and gives that power *exclusively* to the District Court of the United States.

ORDER

And now, December 4, 1967, the preliminary objection raising a question of jurisdiction is sustained, and the complaint is dismissed for want of jurisdiction of the subject matter.