**Clyde C. HUGHES, Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education & Welfare, Appellee.**

**Josie P. SUTTLES, Appellant,**

v.

**Robert H. FINCH, Secretary of Health, Education & Welfare, Appellee.**

**Nos. 14066, 14090.**

United States Court of Appeals, Fourth Circuit.

Oct. 9, 1970.

John B. Culbertson, Greenville, S. C., on brief for appellants.

William D. Ruckelshaus, Asst. Atty. Gen., Kathryn H. Baldwin, James C. Hair, Jr., and Judith S. Seplowitz, Attys., Dept. of Justice, and Joseph O. Rogers, U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

The plaintiffs in these appeals contest orders of the District Court refusing review of adverse determinations on their claims for Social Security disability benefits on the ground that administrative *res judicata* barred their claims. We affirm.

Hughes first filed a claim for disability benefits October 24, 1963. The application was denied initially and on reconsideration. A hearing was requested and held, which resulted in a finding that he was not disabled. No application was made for review in the Appeals Council. Hughes filed a second application in 1966 which was also denied initially and on reconsideration. A third application filed in 1968 was also denied. A request for hearing was dismissed on the ground that the claim was one already determined against him, and that there was no new and material evidence which warranted reopening. The Appeals Council denied a request for review.

Suttles first sought benefits in 1957. Her first application was denied initially. No request for reconsideration was made. She filed a second application in 1963, which was denied initially and on reconsideration. The application then proceeded to a hearing, at which it was found that she was not disabled on or before March 31, 1960, the last date on which she met the special earnings requirement of the Act. She failed to seek Appeals Council review. Her third application, filed in 1968, was denied at all stages on the ground of *res judicata*.

Both applicants filed complaints in the District Court within sixty days after the final determinations on their most recent applications. Both complaints were dismissed by the District Court on motion of the Secretary on the ground that judicial review of the Secretary's determinations was precluded by application of *res judicata*, there being no ground for invocation of any exception to its application.

On appeal the applicants urge that there is a constitutional right to judicial review of the Secretary's decisions, and that the invocation of *res judicata* to deny review deprives them of property without due process of law.

 The claim is without merit. The right to judicial review in these cases is conditioned by the Act and can be exercised only within its limitations. The application of administrative *res judicata* has long been recognized by the courts as proper, Hobby v. Hodges, 10 Cir., 215 F.2d 754; James v. Gardner, 4 Cir., 384 F.2d 784, although some exceptions to its application are recognized. Grose v. Cohen, 4 Cir., 406 F.2d 823. Neither plaintiff has made any effort to show that exceptions are warranted in their cases, and we have found no basis for any.

The judgments are affirmed.

Affirmed.