Cecil E. CRIDDLE

v.

Elliott L. RICHARDSON, Secretary of Health, Education and Welfare.

Civ. A. No. 69–24 BK.

United States District Court, S. D. West Virginia.

Jan. 8, 1971.

Franklin W. Kern, Charleston, W. Va., for plaintiff.

W. Warren Upton, U. S. Atty., Charleston, W. Va., for defendant.

FIELD, Chief Judge.

This is an action under section 205 (g) of the Social Security Act, 42 U.S.

C.A. 405(g) to review a final decision of the Secretary of Health, Education and Welfare which denied plaintiff's application for a period of disability or disability insurance. Defendant has moved to dismiss the complaint on the grounds that the Court lacks jurisdiction over the subject matter and that the plaintiff fails to state a claim upon which relief can be granted.

On November 15, 1965, the plaintiff filed an application for disability insurance benefits, and on February 9, 1967, a hearing examiner issued a decision, after the plaintiff waived a hearing, denying the plaintiff's claim. The hearing examiner found that the plaintiff was not under a disability on or before September 30, 1965, the date he last met the special earnings requirements of the Act for disability purposes. On May 17, 1967, the Appeals Council denied the plaintiff's request for review of the hearing examiner's decision and advised him and his representative by letter of the plaintiff's right to judicial review, however, the plaintiff took no further action on this application.

On March 3, 1969, the plaintiff filed another application for disability insurance benefits. Then, on June 9, 1969, the plaintiff filed a request for hearing. On August 1, 1969, a hearing examiner issued an order dismissing the plaintiff's request for hearing on the ground of *res judicata*. On the same date, a copy of the dismissal was mailed to the plaintiff and his attorney notifying them of the plaintiff's right to request review by the Appeals Council of the hearing examiner's dismissal. Subsequently, on August 11, 1969, the plaintiff, through his attorney, requested that the Appeals Council review the hearing examiner's action. By letter dated August 29, 1969, the plaintiff and his attorney were advised of the Appeals Council's conclusion that the "dismissal action of the hearing examiner is correct" and that the "hearing examiner's decision, dated February 9, 1967, stands as the final decision" of the Secretary. Plaintiff then instituted this action.

In Easley v. Finch, 431 F.2d 1351 (1970), the Fourth Circuit Court of Appeals delineated the restrictions imposed on federal courts in reviewing decisions of the Secretary as follows:

"In enacting the Social Security Act, Congress deliberately imposed severe restrictions on the power of the federal courts to review administrative decisions made in the implementation of the Act. No finding of fact may be disturbed if it is supported by substantial evidence. No judicial review of an administrative decision can be obtained unless an action is filed within sixty days after the claimant is given notice of an adverse final decision by the Secretary. [42 U.S.C. § 405(g)]. A final decision, which is not reviewed promptly, is binding on the claimant. [42 U.S.C. § 405(h)].

"Taken together, these statutory restrictions on the power of federal courts to review Social Security matters necessarily imply the existence of an administrative form of the *res judicata* doctrine. If a claimant has no right to judicial review of a decision denying him benefits unless he brings an action within sixty days of the denial, he has no right to regain it, or indefinitely extend it, by a perfunctory reassertion of his claim after expiration of the time to seek judicial review * * *".

Plaintiff, however, maintains that because he was not represented by counsel in the proceedings involved in his first application he was unable to have the facts of his case fully developed, and, therefore, the dictates of equity and fundamental fairness require that he be allowed at this time to reopen his claim and present it to this Court for judicial review.

In his argument plaintiff relies on Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969), in which the Court held that the doctrine of *res judicata* is not to be so inflexibly applied as to work manifest injustice. The ruling in *Grose*, supra, was, however, somewhat refined by the more recent decision in *Easley*, supra,

which not only set out the restrictions quoted above, but went on to hold that the decision in *Grose* was only intended to relax the doctrine of *res judicata* in a case where the Secretary's decision was founded on error manifest on the face of the record. The Court in *Easley* held also that the absence of counsel in the proceedings involved in the plaintiff's first application was insufficient to overturn the *res judicata* doctrine.

Since the Court is unable to detect any error manifest on the face of the record, it lacks both the power and the authority to reopen plaintiff's claim at this late date. Plaintiff lost the right to have his claim reviewed by this Court when he failed to request it within the statutory time period following the denial of his first application. He cannot, therefore, obtain judicial review by filing a subsequent application for the same claim.

Accordingly, defendant's motion to dismiss will be granted.