Raymond A. NEIGHBORS,
Plaintiff-Appellant,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant-Appellee.

No. 74–1134.

United States Court of Appeals,
Tenth Circuit.

Aug. 5, 1974.

Robert E. Kopp, Eloise E. Davies, At-
tys., Dept. of Justice, Washington, D.C.,
for The Secretary of HEW.

Mr. Neighbors was not represented by
counsel nor did he file a memorandum.

Before PHILLIPS and PICKETT,
Senior Circuit Judges and SETH, Circuit
Judge.

PER CURIAM.

This is an appeal from an order of the
United States District Court for the Dis-
trict of Colorado granting appellee's mo-
tion to dismiss the complaint on the
ground that the court lacked jurisdiction
to entertain such complaint. We affirm.

Briefly stated, the facts are these:
Appellant Raymond Neighbors filed in
February 1968 for disability benefits un-
der the Old Age, Etc., Benefits section of
the Social Security Act.[1] His petition
was denied initially and upon reconsider-
ation. Thereafter, he sought and was
given a hearing before an administrative
law judge in October of 1969. On Janu-
ary 23, 1970, the administrative law
judge issued his decision denying appel-
lant's application. The letter informing
appellant of the administrative law
judge's decision notified him that he had
sixty (60) days within which to petition
the Social Security Administration's Ap-
peals Council to review such decision.
Thereafter, appellant filed an untimely
petition for review on April 3, 1970. On
October 2, 1970 the Council notified ap-
pellant that his petition had been dis-
missed since there did not appear in the
record evidence which justified such late
filing. Appellant submitted additional
information to the Council but was in-
formed on December 31, 1970 that the
action taken on October 2, 1970 would
stand. Appellant took no further action
on this application.

1. 42 U.S.C. § 402 et seq.

In October of 1971 appellant filed a second application for disability benefits for the same period based substantially upon the same evidence proffered in support of his first application. This second application was denied initially and upon reconsideration, and the administrative law judge dismissed the petition for rehearing on the ground of res judicata.[2] The action of the administrative law judge was upheld by the Appeals Council and on March 7, 1973 appellant was notified that the decision of January 23, 1970 remained as the final decision of the Secretary. Appellant then sought judicial review of such decision pursuant to § 405(g) of the Act.[3]

The issue raised in the present appeal, that is whether the district court lacked jurisdiction to entertain a suit under the Act challenging the dismissal of an application for benefits on the ground that such application had been denied previously, was before us in Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954). In *Hobby* we held that, where an applicant under the Act has filed a second application raising a claim for relief previously passed upon in an earlier application and where such subsequent application was dismissed without hearing on the ground of res judicata, there is no "final decision of the Secretary made after hearing" and hence the court lacks jurisdiction to entertain a suit challenging such earlier decision. This result has been reached in other cases,[4] and we think from the record such result is manifestly required here: It is clear that under the Act and regulations promulgated thereunder, appellant had sixty (60) days from the October 2, 1970 decision of the Secretary to seek judicial review of such decision.[5] Appellant failed to do so, and the filing of a second and substantially identical application for disability benefits will not allow him to circumvent this requirement of the Act.

Upon docketing in this court, the parties were notified that we were considering summarily affirming the decision of the district court, and of their right to file a memorandum in support of their respective positions. Appellee availed himself of such opportunity and we now have before us appellee's memorandum in support of summary action. A careful and thorough review of such memorandum and the record and files in this case convinces us that the judgment of the district court was correct.

Affirmed.

---

2. Such action was taken pursuant to 20 C.F.R. § 404.937 which provides in part:

"The Administrative Law Judge may, on his own motion, dismiss a hearing requested, either entirely or as to any stated issue, under any of the following circumstances: (a) Res judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision . . . ."

3. The statute provides in pertinent part that:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, *may obtain a review of such decision by a civil action commenced within sixty (60) days* after the mailing to him of notice of such decision or within such further time as the Secretary may allow * * * ".· (Emphasis added)

4. Hughes v. Finch, 432 F.2d 93 (4th Cir. 1970); Russell v. Richardson, No. C–4338 (D.C.Colo., April 29, 1973); Mills v. Richardson, 339 F.Supp. 402 (W.D.Pa.1972); Criddle v. Richardson, 334 F.Supp. 344 (S.C.W.Va. 1971); Henderson v. Celebrezze, 239 F.Supp. 277 (W.D.S.C.1965); Phillip v. Ribicoff, 211 F.Supp. 510 (E.D.Pa.1962); Hatter v. Ribicoff, 199 F.Supp. 654 (E.D.Okl.1961).

5. Note that the issue in such case would not be the correctness of the administrative law judge's decision, but rather would be whether good cause was shown for such late filing of the petition to review such decision. See Langford v. Flemming, 276 F.2d 215 (5th Cir. 1960); Bohn v. Finch, 320 F.Supp. 270 (E.D. La.1970).