Elsie HINES, Plaintiff,

v.

Casper WEINBERGER, Secretary of Health, Education and Welfare of the United States, Defendant.

No. C74–199.

United States District Court,
D. Wyoming.

June 17, 1975.

Ronald P. Arnold of Legal Services for Laramie County, Inc., Cheyenne, Wyo., for plaintiff.

Tosh Suyematsu, Asst. U. S. Atty., D. Wyoming, for defendant.

## MEMORANDUM OPINION

KERR, District Judge.

Plaintiff brings this action seeking review of a decision by the defendant wherein plaintiff was denied Social Security disability benefits. Defendant has moved to dismiss on the basis that this Court is without jurisdiction to review the denial inasmuch as there has allegedly been no final decision, pursuant to 42 U.S.C. § 405(g). Plaintiff seeks review, and alleges jurisdiction, not only pursuant to 42 U.S.C. § 405(g), but also under the Administrative Procedure Act, 5 U.S.C.A. § 706, which provides for review of administrative action under certain circumstances.

There is no record of a transcript of a hearing included in the file in this matter. Procedurally, the following actions appear to have occurred. Plaintiff first filed an application for disability benefits on March 19, 1968, which application was denied initially and on reconsideration. A hearing was requested and held, and on October 14, 1969, the hearing examiner denied the application on the grounds that plaintiff was not under any disability as of March 31, 1964, the last day on which she met the special earnings requirements for disability purposes. This claim was not pursued, nor the administrative decision appealed by the plaintiff. On January 13, 1971, the plaintiff filed a second application and was denied initially. Although not free of doubt, it would appear that the second claim was based upon the same facts as the first claim. Apparently, this second claim was not pursued further. Finally, on September 27, 1973, plaintiff filed a third claim which led to this lawsuit. This last claim was denied initially and on reconsideration. Thereafter, pursuant to request, a hearing was held, and on August 16, 1974, the administrative law judge dismissed the request for a hearing on the basis of res judicata, holding that the decision of October 14, 1969, was conclusive and binding upon plaintiff.

By regulation, the Social Security Administration has adopted the doctrine of res judicata as a means of disposing of claims:

"The hearing examiner may, on his own motion dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) Res judicata. Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision . . . ."

See 20 C.F.R. § 404.937 and 42 U.S.C. § 405(h). The application of administrative res judicata has long been recognized by the courts as proper, see III K. Davis, Administrative Law Treatise §§ 18.02, 18.03 (1958 ed., supp. 1971) [hereinafter cited as Davis].

■ There are exceptions to the doctrine, and when applied to administrative decision, the res judicata doctrine is not as rigid as it is with courts; there is much flexibility which is intended to adapt the doctrine to the unique problems of administrative justice. See Stuckey v. Weinberger, 488 F.2d 904, 911 (9th Cir. 1973); Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969); III Davis § 18.03. Use of the doctrine, although at times resulting in apparently harsh results, likewise serves a beneficial purpose in preventing relitigation of issues previously determined or resurrection of stale claims; but, practical reasons may exist for refusing to apply it, and administrative decisions should not be encrusted with rigid finality. E. g., United States v. Stone & Downer Co., 274 U.S. 225, 47 S.Ct. 616, 71 L.Ed. 1013 (1927). Regulations adopted by the Social Security Administration recognize that finality of decisions is not always in the best interest of the citizens it is supposed to serve. See 20 C.F.R. §§ 404.956–404.958 permitting reopening of claims within 4 years of date of initial determination upon showing of good cause.

Section 205(h), 42 U.S.C. § 405(h), of the Act provides in part that "the findings and decisions of the Secretary after a hearing shall be binding upon all . . . who were parties to such hearing. No findings of fact or decision . . . shall be reviewed . . . except as herein provided." See also 20 C.F.R. § 404.937, above. The obvious purpose of that language is to declare that res judicata principles are applicable to the findings and decisions of the Secretary in certain procedural contexts. It is also clear that Congress intended to bar judicial review unless such review were properly initiated and pursued.

■■ When timely pursued, though, judicial review is permitted under subsection (g), of 42 U.S.C. § 405, as it provides:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

The determination which is of concern at the moment was not a decision "made after a hearing" under the language of § 405(g). The reasonable interpretation of § 405(g) is that it was intended to apply to a final decision arrived at after a hearing convened and made mandatory by the request of a claimant for the same pursuant to § 405(b), and not to a decision denying a petition to reopen proceedings. Such a decision is made subject to the application of the principles of res judicata, and thereby conclusive and final, as a result of judicial decision or by failure to seek review. The

decision of the law judge denying reopening was not a "final decision" made after a hearing inasmuch as no hearing need necessarily be granted upon a request to reopen; the application of the doctrine of res judicata was proper on the basis of the failure of the claimant to seek review of the decision of October 14, 1969; and, therefore, this Court is without jurisdiction under 42 U.S.C. § 405(g) to review the denial of the request to reopen. See Neighbors v. Secretary of Health, Education and Welfare, 511 F.2d 80 (10th Cir. 1974); Stuckey v. Weinberger, 488 F.2d 904 (9th Cir. 1973); cf., Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966); but see Davis v. Richardson, 460 F.2d 772 (3d Cir. 1972); and Maddox v. Richardson, 464 F.2d 617 (6th Cir. 1972).

■■ Plaintiff also alleges that this Court has jurisdiction to review the decision of the defendant by virtue of 5 U.S.C.A. § 706 which provides in part:

"The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . "

This scope of review is limited by 5 U.S.C.A. § 701 inasmuch as it states:

"This chapter applies . . . except to the extent that— .

(1) statutes preclude judicial review; or

(2) agency action is committed to agency discretion by law."

The issues therefore under these statutes are whether the denial of a petition to reopen is so committed to agency discretion as to preclude review thereof to determine if there has been an abuse of discretion; and, whether the language of § 405(h), that "no . . . decision . . . shall be reviewed . . . except as herein provided," is that of a statute that precludes judicial review pursuant to procedures of the federal administrative procedure act. Addressing the second part initially, the intent of § 405(h) was to preclude judicial review of a hearing held pursuant to § 405(b) unless such review were initiated and pursued according to the provisions of § 405(g). The right to judicial review pursuant to § 405(g) was intended to apply only to decisions made after a hearing; and, in such cases review is conditioned by the Act and can be exercised only within its limitations. See Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954); Hughes v. Finch, 432 F.2d 93 (4th Cir. 1970); 42 U.S.C. § 405(h). Therefore, to the extent that the plaintiff's latest claim can be considered a request for a hearing on the merits pursuant to § 405(b), it can be said that a review of such a final decision on the merits cannot be attempted other than by way of § 405(g), and the concomitant effects of § 405(h).

■■ Thus, the penultimate issue is posed: Does the Act "so far" commit decisions to reopen to agency discretion that a refusal would not be open to review even in case of abuse? That the decision whether or not to reopen involves agency discretion is not disputed, see 20 C.F.R. § 404.957; but, that does not inevitably lead to the conclusion that such an exercise of administrative power is wholly immune from judicial examination as the "literalness" of 5 U.S.C.A. § 706(2)(A) permits review for abuse of discretion. The ultimate issue then is whether such discretion is absolute. Neighbors v. Secretary of Health, Education and Welfare, 511 F.2d 80 (10th Cir. 1974) did not involve the issue of whether 5 U.S.C.A. §§ 701 and 706 permitted such review; and, Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954) did not analyze the impact of the administrative procedure act, although it might be said that it did look somewhat the other way. Review of refusals to reopen, necessarily limited to abuse of discretion, does not impose a substantial

burden inasmuch as a motion for summary judgment is all that would usually be needed. Being thus strictly limited in scope in order to respect the discretion vested in the agency, review of a refusal to reopen is not inconsistent with the scheme and purposes of the Social Security Act, as evidenced by the fact that rule-making power is not unbridled and the requirement that all regulations be necessary, appropriate, and consistent with the Act. See 42 U.S.C. § 405(a). For example, the Court would surely have jurisdiction to review denial of a petition to reopen where the denial was based upon an inappropriate regulation, i. e., reopening denied to all residents of Wyoming. Therefore, it is clear that a strictly limited review of a decision not to reopen, as defined above, would not be contrary to, but rather in accordance with the history of this Court and other courts of fulfilling its traditional role of defining and maintaining the proper bounds of administrative discretion and safeguarding the rights of the individual. See American Nuclear Corp. v. Morton, No. C74–42 (D.C.Wyo. filed Feb. 26, 1975); Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966); Stuckey v. Weinberger, 488 F.2d 904 (9th Cir. 1973) (Merrill, Browning, Duniway, Hufstedler, and Wallace, JJ., concurring).

Without unduly belaboring the facts, the decision of the administrative law judge indicates that he reviewed the "new and material" evidence offered by the plaintiff as to a condition of osteoarthritis which had not apparently been considered previously. This evidence consisted of reports from physicians as to a possible condition of osteoarthritis, although these reports do not indicate the date of the onset of such ailment or that in fact it was present prior to the date that plaintiff last met the earnings requirements of the Act. See 42 U.S.C. §§ 416(i)(3) and 423(c). As stated by the administrative law judge,

"This additional evidence [referring to the latest medical reports]

. . . does not materially affect the determination regarding the issue of 'disability' on or prior to March 31, 1964 . . ."

The plaintiff did not offer any conclusive evidence, insofar as the Court can determine, that the latest disability originated or occurred prior to March 31, 1964. Thus, it is clear that there was no abuse of discretion in the findings and in the decision not to reopen. Having failed to timely pursue the adverse decision of October 14, 1969, the imposition of the bar of res judicata was proper. Therefore, the decision of the defendant is affirmed and the motion to dismiss will be granted. Judgment will be entered accordingly.