Carolyn K. ADAMS, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and Welfare of the
United States of America, Defendant.

No. 77–334–C.

United States District Court,
E. D. Oklahoma.

April 25, 1978.

H. K. Westmoreland, Fort Smith, Ark.,
for plaintiff.

Betty O. Williams, Asst. U. S. Atty., Mus-
kogee, Okl., for defendant.

### ORDER DISMISSING ACTION

MORRIS, Chief Judge.

This action is before the court on defend-
ant's motion to dismiss and plaintiff's mo-
tion to remand this action to the Secretary
of Health, Education and Welfare of the
United States of America. The parties
have filed briefs setting forth their respec-
tive positions in connection with these mo-
tions.

Plaintiff alleges in her complaint that she
filed her application for disability benefits
on January 4, 1973, which application was
disallowed on March 7, 1973. Plaintiff fur-
ther alleges that her request for reopening
of her application was timely filed under 20
C.F.R. § 404.957. Plaintiff has attached to
her complaint a letter written on July 22,
1977, by a member of the Appeals Council,
Department of Health, Education and Wel-
fare, Social Security Administration, indi-
cating that her request for reopening was
denied. Plaintiff claims that this court has
jurisdiction under 42 U.S.C. § 405(g) and 20
C.F.R. § 404.957 to reopen plaintiff's claim
and remand it to the defendant for further
administrative action.

Defendant points out that plaintiff is the
same person who filed a complaint in this
court for judicial review of an administra-

tive denial of social security benefits and remand in case No. 75–351–C.

Be that as it may, it is clear from the face of the complaint filed in the instant action that plaintiff does not and could not seek review of the initial disallowance of her claim on March 7, 1973, since the complaint was not filed within sixty days following that decision by the Secretary as required under 42 U.S.C. § 405(g). Instead, plaintiff seeks review of the Appeals Council's decision of July 22, 1977, not to reopen her case.

In the court's view, plaintiff's reliance on § 404.957 as a basis for invoking this court's jurisdiction is entirely without merit. Regulations set out in the Code of Federal Regulations are intended to provide codified rules for the executive departments and agencies of the federal government; while the regulations are judicially noticeable, they do not constitute a basis for conferring subject matter jurisdiction on this court. Instead, subject matter jurisdiction to review decisions of the Social Security Administration is conferred by the Social Security Act itself in 42 U.S.C. § 405(g) which provides in part:

> (g) Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . .

Moreover, the jurisdictional grant of § 405(g) is exclusive, as made clear by § 405(h) which provides:

> (h) The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter. (Emphasis added).

Section 405(g) sets out the only means by which a court acquires jurisdiction to review a decision of the Social Security Administration; it "apparently expresses Congress' view of the desired contours of federal-question jurisdiction over agency action." *Califano v. Sanders,* 430 U.S. 99, 106, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). As § 404.957 of the Code of Federal Regulations provides the court with no jurisdictional grant, plaintiff's action must satisfy the 60-day requirement of § 405(g) to confer subject matter jurisdiction on the court in this action.

The remaining issue, therefore, is whether plaintiff met the time limitation of § 405(g) in instituting this lawsuit. It is undisputed that plaintiff did not file this action within 60 days following the denial of her initial claim on March 7, 1973. Thus, the only question is as to the effect of plaintiff's attempts to have her claim reopened in 1977; assuming the Appeals Council denied plaintiff's request to reopen her claim within 60 days of the filing of this action, have the time limitations of § 405(g) been satisfied?

The United States Supreme Court has recently addressed this very question in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). There, respondent filed his initial claim for benefits in January, 1964. The claim was denied and the denial was upheld by the Appeals Council in June, 1966. Respondent did not pursue judicial review of this final decision under § 405(g). Subsequently, however, in 1973, respondent filed a second claim alleging the same basis of eligibility. The administrative law judge treated the claim as requiring a decision on whether respondent was entitled to have his original claim reopened and held he was not. Respondent then filed his court action challenging the decision not to reopen and resting jurisdiction on § 405(g). He argued that § 405(g) should be construed to authorize judicial review of a final decision of the Secretary not to reopen a claim of benefits. The Supreme Court rejected this contention out-

right. 430 U.S. at 107–08, 97 S.Ct. 980, 51 L.Ed.2d 192. In so doing, the Court noted a number of circuit court decisions, including this circuit, that likewise held that § 405(g) did not authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits. *See Neighbors v. Secretary of Health, Education and Welfare,* 511 F.2d 80, 81 (10th Cir. 1974); *Stuckey v. Weinberger,* 488 F.2d 904, 909 (9th Cir. 1973); *Maddox v. Richardson,* 464 F.2d 617, 621 (6th Cir. 1972); *Davis v. Richardson,* 460 F.2d 772, 775 (3d Cir. 1972); *Cappadora v. Celebreeze,* 356 F.2d 1, 4–5 (2d Cir. 1966). *See also Hines v. Weinberger,* 395 F.Supp. 1215, 1217 (D.Wyo. 1975).

In holding that § 405(g) did not permit judicial review of a decision not to reopen a claim, the Supreme Court indicated two bases for its ruling. First, the Court noted that whereas § 405(g) clearly limited judicial review to a particular type of agency action—a final decision of the Secretary made after a hearing—a petition to reopen a prior final decision could be denied without a hearing under 42 U.S.C. § 405(b). Secondly, the Court expressed its belief that permitting a claimant to obtain judicial review by filing a request to reopen a claim would frustrate the policy of § 405(g):

> [A]n interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. [20 CFR § 404.951] Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

430 U.S. at 108, 97 S.Ct. at 986.

On the basis of the Supreme Court's decision in *Sanders,* this court must hold that § 405(g) does not permit judicial review of an administrative decision not to reopen a claim for benefits on the basis of newly discovered evidence. And, as previously discussed, § 404.957 of the Code of Federal Regulations cannot be construed as a grant of subject matter jurisdiction to this court. Defendant's motion to dismiss the action for lack of subject matter jurisdiction is accordingly granted and the action is hereby dismissed. This disposition renders moot plaintiff's motion to remand.

ORDERED this 25th day of April, 1978.