**Joe R. CARNEY, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education, and Welfare, Defendant.**

**No. 77-5056-CV-SW.**

United States District Court,
W. D. Missouri,
Southwestern Division.

Aug. 30, 1978.

Douglas M. Hamilton, Joplin, Mo., for plaintiff.

E. Eugene Harrison, Asst. U. S. Atty., Kansas City, Mo., for defendant.

## ORDER

RUSSELL G. CLARK, District Judge.

Joe R. Carney, plaintiff in the above action, has filed a complaint pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of a decision of the Secretary of HEW denying plaintiff disability benefits. On January 20, 1978 the Secretary filed a motion to dismiss on the grounds that (1) plaintiff had failed to state a claim upon which relief could be granted; and (2) this Court was without jurisdiction over the subject matter of the action. Plaintiff has opposed this motion. Included with defendant's motion to dismiss were the affidavits of Rosalyn C. Taylor and documents from the administrative proceedings conducted on prior occasions in connection with Joe R. Carney's claim for disability benefits. These documents reveal the following facts which do not appear to be in dispute:

1. On December 8, 1970 plaintiff filed an application for disability insurance benefits which was denied by letter dated May 17, 1971. The notice informed plaintiff that he might request a reconsideration within six months of the notice. Plaintiff took no further action.

2. On November 26, 1974 plaintiff filed an application for disability insurance benefits which was denied initially on April 2, 1975.

3. This decision was reaffirmed on reconsideration and plaintiff was notified of his right to a hearing.

4. Plaintiff on September 23, 1975, filed a request for a hearing.

5. Plaintiff's request for a hearing was denied on January 28, 1976 on the grounds of res judicata.

6. Plaintiff appealed this decision to the appeals counsel who granted plaintiff's request for review and remanded to the Administrative Law Judge for a determination of whether new and material evidence had been submitted that would warrant reopening the case.

7. On November 5, 1976 after a hearing was held to give plaintiff the opportunity to present new and material evidence which would justify reopening the case in accordance with 20 Code of Federal Regulations 404.957 and 404.958, the Administrative Law Judge again determined that the request for a hearing on the issue of disability benefits must be denied because there were no material facts that would justify reopening the case. Therefore, plaintiff's claim was dismissed pursuant to 20 C.F.R. § 404.937(a).

8. Plaintiff again sought relief from the appeals counsel. On August 3, 1977 the appeals counsel informed plaintiff that they had concluded that the dismissal of the action was correct. Plaintiff then instituted this action on September 30, 1977.

Essentially two separate issues confront the Court, the reviewability of a finding that res judicata was applicable in this case and the reviewability of the Secretary's conclusion that the decision should remain final and not be reopened pursuant to 20 C.F.R. § 404.957 and 404.958. Initially the Administrative Law Judge determined that in the factual context of this case, res judicata should be invoked. The appeals counsel did not question this finding but remanded for a hearing on the issue of whether the case should be reopened under § 404.957. While the issues of res judicata and the reopening of the claim for benefits are closely related and have been treated by some courts as involving only one issue, there are really two different questions which the Court must consider separately.

The Court will consider the reviewability of the decision that res judicata applied in this case first. It is clear that the doctrine of res judicata can validly be applied in administrative proceedings pursuant to 20 C.F.R. § 404.937(a). § 404.937(a) provides:

The presiding officer may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res judicata.* Where there has been a previous determination or decision

by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision.

However, the Courts have also recognized that res judicata in administrative proceedings should not be applied as rigidly as res judicata in ordinary judicial proceedings. The theory of res judicata to be applied in administrative proceedings should be more flexible than the traditional concept and it has been suggested that when traditional concepts of res judicata would result in injustice, they should be relaxed or qualified as needed. *Grose v. Cohen,* 406 F.2d 823, 824–25 (4th Cir. 1969). The majority of courts have concluded that where an applicant has filed a second application raising a claim for benefits previously passed upon in an earlier application for benefits and such application is dismissed without hearing on the grounds of res judicata, there is no final decision of the Secretary made after a hearing and the Court lacks jurisdiction to review the action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). *Neighbors v. Secretary of HEW,* 511 F.2d 80 (10th Cir. 1974); *Hughes v. Finch,* 432 F.2d 93 (4th Cir. 1970); *Mills v. Richardson,* 339 F.Supp. 402 (W.D.Pa.1972); *Criddle v. Richardson,* 334 F.Supp. 344 (S.D.W.Va.1971).

The rationale for this conclusion that a dismissal on the grounds of res judicata precludes review was explained by the Tenth Circuit:

> It is clear that under the Act and regulations promulgated thereunder, appellant had sixty (60) days from the October 2, 1970 decision of the Secretary to seek judicial review of such decision. Appellant failed to do so, and the filing of a second and substantially identical application for disability benefits will not allow him to circumvent this requirement of the Act. *Neighbors v. Secretary of HEW,* supra at 81.

■ According to the generally accepted interpretation of 20 C.F.R. § 404.937(a) and 42 U.S.C. § 405(g), the Court can only conclude that it lacks jurisdiction to review the Secretary's denial of benefits on the grounds of res judicata. As previously recognized the administrative res judicata is to be applied flexibly to prevent injustice. This theory has been characterized as such a well recognized exception that it is in fact codified in 20 C.F.R. § 404.957 and 404.958 providing for the reopening of decisions concerning benefits. Having concluded that the Court does not have jurisdiction to review the Secretary's finding that the plaintiff's second application for benefits was precluded by res judicata, the Court must consider whether it has jurisdiction to review the Secretary's decision refusing to reopen plaintiff's first application for benefits pursuant to 404.957 and 404.958 which involves really no more than a determination of whether an exception to the res judicata theory should be recognized.

■ Plaintiff is correct in pointing to numerous circuit court cases that have determined that an applicant for benefits is entitled to judicial review of a decision denying a request to reopen an earlier application for benefits. The cases cited by plaintiff were unanimous in their view that the Social Security Act does not provide for judicial review of refusals to reopen. See *Ortego v. Weinberger,* 516 F.2d 1005, 1007 (5th Cir. 1975). Although the cases agree that no right to review existed under the Social Security Act courts in the First, Fourth, Fifth, Seventh, Ninth, Tenth, and District of Columbia Circuits found a right to review under § 10 of the Administrative Procedures Act, 5 U.S.C. § 701 through § 706. These courts held that § 10 of the APA was an independent grant of jurisdiction. The decisions of these courts developing the right to review the refusal to reopen a benefits claim under § 10 of the APA have been reversed by the Supreme Court in the case of *Califano v. Sanders,* 403 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The court's determination in *Sanders* that the APA was not an independent jurisdic-

tional grant was premised in large part on recent amendments to 28 U.S.C. § 1331 which eliminated the jurisdictional amount requirement when suit was brought against a U.S. agency or employee in their official capacity. The court concluded:

> In amending § 1331, Congress obviously has expressly acted to fill the jurisdictional void created by the pre-existing amount-in-controversy requirement. This new jurisdictional grant was qualified, however, by the retention of § 205(h) as preclusive of actions such as this that arise under the Social Security Act. Read together, the expansion of § 1331, coupled with the retention of § 205(h), apparently expresses Congress' view of the desired contours of federal-question jurisdiction over agency action. A broad reading of the APA in this instance would serve no purpose other than to modify Congress' new jurisdictional enactment by overriding its decision to limit § 1331 through the preservation of § 205(h). *Califano*, supra at 200, 97 S.Ct. at 985.

After concluding that the APA did not afford an implied grant subject matter jurisdiction permitting federal judicial review of agency actions, the Court went on to consider whether judicial review of a final decision of the Secretary not to reopen a claim for benefits could be obtained through § 205(g) of the Social Security Act. The Court held that:

> We also agree that § 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.

The only exception to the nonreviewability of the Secretary's refusal to reopen a benefits claim occurs where constitutional claims have been raised. In this case the Court is not aware of any constitutional claims that need to be considered. Therefore, in accordance with the Supreme Court's decision in *Califano v. Sanders*, supra, the Court finds that it has no jurisdiction to review the Secretary's refusal to reopen plaintiff's claim for benefits. Therefore, for the reasons set forth above, it is hereby

ORDERED that the defendant's motion to dismiss is granted and judgment shall be entered accordingly.