**Herbert O. LA MORDER, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 90–316–CIV–T–15C.**

United States District Court, M.D. Florida, Tampa Division.

Dec. 6, 1990.

Herbert O. La Morder, Oldsmar, Fla., pro se.

Michael A. Cauley, Asst. U.S. Atty., Tampa, Fla., for defendant.

### ORDER

CASTAGNA, District Judge.

THIS CAUSE came on for consideration upon the filing of a petition for review of the decision of the Secretary of Health and Human Services. This matter was considered by the Magistrate, pursuant to the

general order of assignment, who has filed her report recommending that the decision of the Secretary denying benefits be affirmed and the case dismissed.

▮▮▮ Upon consideration of the report and recommendation of the Magistrate, and upon the court's independent examination of the file, the Magistrate's report and recommendation is adopted and confirmed and made a part hereof.

Accordingly, it is ORDERED:

(1) The decision of the Secretary reducing disability benefits due to plaintiff's receipt of workers' compensation benefits during the period December 1986 through February 1988 is AFFIRMED.

(2) The case is dismissed. Each party to bear its own fees and expenses.

DONE and ORDERED.

### REPORT AND RECOMMENDATION

ELIZABETH A. JENKINS, United States Magistrate.

Plaintiff brings this action pursuant to the Social Security Act (the Act) as amended, Title 42, United States Code, Section 405(g) to obtain judicial review of a final decision of the Secretary of Health and Human Services (the Secretary) reducing disability benefits due to plaintiff's receipt of workers' compensation benefits during the period December 1986 through February 1988.[1]

Plaintiff proceeds in this action *pro se.* Oral argument has been held.

▮▮▮ In an action for judicial review, the reviewing court must affirm the decision of the Secretary if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983). If an error of law was committed by the Secretary, the case must be remand-

---

**1.** This matter has been referred to the undersigned by the district court for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c)(18), M.D.Fla.

ed to the Secretary for application of the correct legal standard. *McDaniel v. Bowen*, 800 F.2d 1026, 1029–30 (11th Cir.1986).

## I

This case presents little disagreement as to the material facts. The controlling issues involve interpretation of Social Security statutory provisions construing the circumstances in which disability benefits may be offset by receipt of benefits from other sources, including workers' compensation benefits.

On February 5, 1987, plaintiff applied for disability insurance benefits and on January 15, 1988, the plaintiff's daughter applied for child's insurance benefits based upon her father's earnings record. (T 47–50; 51–55). On February 3, 1988, the Secretary determined that plaintiff was disabled beginning June 10, 1986. (T 56). In a notice of award letter dated May 5, 1988, petitioner was advised that his disability benefits which were scheduled to commence in December 1986 would be reduced due to plaintiff's receipt of workers' compensation benefits during the period December 1986 through February 1988. The letter also advised that beginning March 1988, plaintiff and his daughter would receive the full amount of benefits due. (T 57–58).[2]

On August 2, 1988, the Secretary notified plaintiff that the reduction in benefits had been reviewed and was found to be correct. (T 63–65). Plaintiff and his daughter thereafter requested a hearing before an Administrative Law Judge (ALJ) which was held on January 27, 1989. (T 16–46; 67–68). Plaintiff and his spouse, his designated representative, appeared at the hearing. On May 13, 1989, the ALJ entered a written decision affirming the reduction of benefits and the determination of the appropriate offset. (T 7–11). The decision of the ALJ was affirmed by the Appeals Counsel on January 16, 1990. (T 2–3).

The Secretary's computation resulted in a finding that plaintiff and his daughter would be entitled to only cost-of-living increases in Social Security benefits for the period December 1986 through February 1988 due to plaintiff's receipt of workers' compensation benefits during that period.

## II

Congress has determined that disability benefits which may be awarded under the Social Security Act should be reduced, in certain instances, where the claimant is also receiving workers' compensation benefits. 42 U.S.C. § 424a. The purpose of section 424a is to guard against a disabled worker receiving more in total benefits than his pre-disability take home pay. If an offset was not required, it might reduce a worker's incentive to return to work, impede rehabilitation efforts and erode state workers' compensation programs. *See Freeman v. Harris*, 625 F.2d 1303, 1306 (5th Cir.1980).

The determination of the exact amount of offset and benefits reduction involves a complex formula best explained by simply quoting the statute.

Section 424a provides that during any months in which the claimant is entitled to social security benefits and also entitled to worker's compensation benefits, the total of his disability benefits:

... shall be reduced (but not below zero) by the amount by which the sum of—

(3) such total of benefits under Sections 223 and 202 of this title for such month, and

(4) such periodic benefits payable (and actually paid) for such month to such individual under such laws or plans, exceeds the higher of—

(5) 80 per centum of his "average current earnings", or

(6) the total of such individual's disability insurance benefits ... prior to reduction under this section ....

Section 424a further provides:

For the purposes of clause (5), an individual's average current earnings means the largest of (A) the average monthly wage (determined under Section 215(b) of this title as in effect prior to January

---

2. The record contains only the first two pages of the letter.

1979) used for purposes of computing his benefits under Section 223 of this title, (B) one sixtieth of the total of his wages and self-employment income (computed without regard to the limitations specified in Sections 209(a) and 211(b)(1) of this title) for the five consecutive calendar years after 1950 for which such wages and self-employment income were highest, or (c) one-twelfth of the total of his wages and self-employment income ... for the calendar year in which he had the highest such wages and income during the period consisting of the calendar year in which he became disabled ... and the five years preceding that year.

\* \* \* \* \* \*

(d) *Exception.* The reduction of benefits required by this section shall not be made if the law or plan described in subsection (a)(2) of this section under which a periodic benefit is payable provides for the reduction thereof when anyone is entitled to benefits under this subchapter on the basis of the wages and self-employment income of an individual entitled to benefits under section 423 of this title, and such law or plan so provided on February 18, 1981.

Applying section 424a, the Secretary determined that plaintiff's average current earnings (ACE) WAS $1,120, utilizing the largest of the three figures specified in section 424a(a). The Secretary arrived at this figure by focusing on the calendar year 1986 in which claimant had the highest earnings from self-employment income: $16,805.00. Applying the statutory command to utilize "one-twelfth" of this figure, the Secretary arrived at an ACE of $1,400, with 80% of that amount being $1,120.00.[3]

### III

■ Plaintiff does not dispute the year selected (1986), the yearly earnings ($16,-805.00) or any other computation under section 424a except one item. He does dispute the Secretary's calculation of the ACE based upon the average of twelve months for that year. Plaintiff contends that calculation of the ACE under section 424a(a) should have been based on the fact that he became disabled on June 10, 1986 and therefore earned $16,805.00 in only five months and ten days (5.3 months). Plaintiff contends that when his net earnings from self-employment ($16,805.00) is divided by 5.3 instead of 12, the ACE should be $3,170.00 (T 69).

If the statute were ambiguous, plaintiff's interpretation might make sense. However, section 424a(a) is not ambiguous and clearly states that one of the alternative methods of computing a plaintiff's ACE is to determine "one-twelfth" of the total wages of self-employment income for the calendar year in which the plaintiff "had the highest such wages and income during the period consisting of the calendar year in which he became disabled ... and the five years preceding that year". Congress could have excluded from the ACE computation any months in a wage earner's highest year after the period of time that he became disabled. However, Congress did not. It is not for this court or for the Secretary to re-write the statute.

■ The other argument plaintiff makes is that the Secretary owes him for eleven months of disability payments for the period April 1987 through February 1988 at a rate of $752.20 a month. Plaintiff claims that due to computer error and an inexperienced social security employee named Gail Leppart, action on his application for benefits was delayed unnecessarily. He states that social security had all the information it needed to approve his application by April 28, 1987 but that it was not processed until a year later. (Dkt.12)

Contrary to plaintiff's belief, this court does not have the power to require the Secretary to award benefits as requested by plaintiff. He raised this same issue at his hearing before the ALJ on January 27, 1989. (T 33-45). The ALJ agreed to look into the issue but concluded in his written decision that he was without jurisdiction to

**3.** The Secretary's additional computations are explained in the Secretary's memorandum

(Dkt.10, p. 9) and the ALJ's written decision (T 9-10).

make a finding as to the timeliness of the Secretary's disability determination or to alter the date of such award (T 11).

The court simply has no equitable jurisdiction in this case to award the relief sought by plaintiff. *See generally, Hughes v. Finch,* 432 F.2d 93, 94 (4th Cir. 1970) (the right to judicial review under the Social Security Act can be exercised only within its limitations). Plaintiff has offered no other challenges to the Secretary's calculation of the workers' compensation offset for the period December 1986 through February 1988. Accordingly, the decision of the Secretary should be AFFIRMED as based on substantial evidence and the correct interpretation of the law.

It is so RECOMMENDED.

Dated: September 18, 1990.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).